[Civ. No. 15597. Fourth Dist., Div. Two. July 14, 1976.]

In re the Marriage of JOHN LAWRENCE and ANDREA ROSE
MEHLMAUER.
JOHN LAWRENCE MEHLMAUER, Appellant, v.
ANDREA ROSE MEHLMAUER, Respondent.

**COUNSEL**

Ronald W. Weiss for Appellant.

Kelly & Graham and Lowell Graham for Respondent.

**OPINION**

**THE COURT.**—This is an appeal from an order denying a modification of child custody.

The instant case arises between former husband and wife and concerns custody of their 14-year-old son John. Pursuant to a dissolution action, custody of the boy was awarded to wife apparently with summer visitation in the father's home.

In the instant proceedings father sought, by way of modification, to have John's custody changed to the father and child support terminated.

The court ordered that custody remain with the mother and the father appeals.

Each parent has remarried and maintains what appears from the testimony to be a fit home for John. Each side presented testimony demonstrating the happy circumstances for John in that home. The only negatives concerned an attempt to impeach the father with evidence of a civil contempt order seven years earlier for lying in a custody hearing and that a 14-year-old stepson of the father had taken a family vehicle for a joy ride.

John testified that he desired to live with his father and similarly an affidavit by John to that same effect was filed in the record.

In John's affidavit he related he was in school in Riverside (apparently with his father at the time) when his mother snatched him and forcibly removed him to her home in Texas. It appears that what happened was that his mother removed him as she had custody of him. John didn't want to go.

John claimed that since his stepfather was in the military he had moved and changed schools five times in the prior five years. He claimed that the moving caused him few friends and unhappiness. The mother testified that one move had been made in the past three years and that John had made the requisite adjustment.

John's affidavit then stated that he preferred living with his father because he was being taught flying, electronics and mechanics and his father spent a lot of time with him.

In his testimony John added that his military stepfather is stricter on him than his father. This conclusion was supported by testimony that his stepfather requires him to come home a little earlier and wear a shorter haircut.

The father contends the court erred in stating that the parent who "seeks a change of the custody order must bear the burden of convincing the Court that the best interests of the child requires a change of custody." The court, after hearing the evidence, concluded it could see no reason for a custody change, that it was not persuaded and that the father had not sustained his burden of proof.

On appeal father argues that the current law at no point imposes such a burden of proof. Instead it is argued that there is no burden of proof in a custody case, the sole issue being strictly what custody is in the best interests of the child.

The father is correct that Civil Code section 4600 concerning custody makes no reference to a burden of proof but the observation is meaningless. The overwhelming majority of statutes creating a claim or defense do not mention a burden of proof. The reason for this is simple, the Legislature has provided a general rule on the subject in Evidence Code section 500: "*Except as otherwise provided by law,* a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." (Italics added.)

Civil Code section 4001 empowers the Judicial Council to provide rules for practice and procedure under the Family Law Act. Rule 1207, California Rules of Court, provides: "In any action pursuant to the Family Law Act but not otherwise subject to these rules by virtue of subdivision (c) of Rule 1201, including those proceedings authorized by Sections *4600,* 4603, and 4703 of the *Civil Code, all provisions of law applicable to civil actions generally apply* regardless of nomenclature if they would otherwise apply to such actions without reference to this rule . . . ." (Italics added.)

Thus, Evidence Code section 500 is applicable in a proceeding brought pursuant to Civil Code section 4600.

We think it obvious that in a contested proceeding a burden of proof is necessary in order to get the proceeding off the ground. In fact, there is no burden of producing evidence without there first being a burden of proof. (Evid. Code, § 550, subd. (b).)

The fallacy of the father's position is further highlighted by simple reference to other provisions of the act such as those concerning the grounds for dissolution (§ 4506 et seq.), child support (§ 4700), division of property (§ 4800) and spousal support (§ 4801). In each case there is no mention of a burden of proof. We doubt that the father would seriously contend that in the cited examples there is no burden of proof.

Where one spouse moves to change custody that spouse shoulders the burden of proving that the custody change is in the best interests of the

child. ██ The issue the court then must resolve is what custody *is* in the best interests of the child. (Civ. Code, § 4600, subd. (a).) If the moving party fails to demonstrate that the best interests lie with him (i.e., fails to meet the burden of proof), a change of custody cannot be made to him due to the lack of evidence that such a change is in the best interests of the child.

In the case of *In re Marriage of Russo,* 21 Cal.App.3d 72 [98 Cal.Rptr. 501], it was held that the moving party bore the burden of showing that the best interests of the child required the sought custody change. (At p. 84.) While in that case a presumption that no longer exists in section 4600 supported the responding wife (the child of tender years presumption), the conclusion of the court concerning the burden of proof was not logically tailored to fit only the case of the young child.

Father's contention is meritless. Contrary to his contention, he had the burden of proof and the existence of such a burden does not violate the Family Law Act, is not a violation of equal protection and is not discriminatory.

██ It is interesting that the father does not contend that the best interests of the child were shown to be with his custody. The complaint on appeal arose from comments of the court after all the testimony had been adduced. The father and mother put on *all their evidence.* Looking to this evidence it demonstrates no showing of superior best interests in the father. The court accurately concluded it could see no reason for the change, i.e., there was no evidence that the father's custody was in the best interests of the child.

As previously mentioned, the case before us is one that demonstrates two proper homes for the child. The court however found that the mother's home remained better for John than the father's. In the mother's home John would reside with his sister and two half-siblings. In his father's home he would live with two stepbrothers, one of whom had performed a·joy riding venture which suggests the possible existence of problems in that home.

For seven or eight years John lived in his mother's home. Where all things appear essentially equal, it would seem beneficial to leave the child in the accustomed environment. Certainly this is a case in which there was no abuse of discretion by the trial court as well as one in which substantial evidence supports the decision.

■ The father presses the attack with the contention that John expressed his desire to reside with his father and in contravention of statutory direction the trial court disregarded that desire.

Section 4600 provides: "If a child is of sufficient age and capacity to reason so as to form an intelligent preference as to custody, the court *shall consider and give due weight* to his wishes in making an award of custody or modification thereof." (Italics added.) Father treats this statute as if an expression of desire by a 14-year-old conclusively binds the court to follow that expression in a modification proceeding. The treatment is erroneous, the standard is consideration and due weight.

In the words of the trial court: "Frankly, I just can't give that much weight to a fourteen-year old boy's statement that he would like to make a change. There is no—it's true that the Code Section 4600 says of a sufficient age and capacity and reason so as to form an intelligent preference, the court shall consider it and give it due weight. But, the Court has to look beyond this statement of a teenager and figure out where his best interests are. [¶] There is no question a fourteen-year old boy is in that age bracket when he is looking for two things at the same time, more freedom and he is looking for somebody to guide him at the same time. And just because he wants to make a change and get away from his mother and live with his father, I don't think is a reason for the Court to make the change.I don't feel bound at all by his testimony. I am not persuaded that his statement is supported by any mature objective reasoning as to why he wants to make a change."

". . . . . . . . . . . . . . . . . ."

"I didn't say I didn't put any credence in what he said. I said I am not persuaded his preference was supported by any mature reasoning process. So that I don't feel bound by what he says. I considered it. I don't feel bound by it. I think the best interest requires that he remain with his mother at this time. I say that primarily because of a lack of showing by the person who bears the burden of proof, namely, the father, that his best interest requires the change. For that reason—"

The court's comments conclusively demonstrate it did give consideration and due weight to John's expressed preference. The contention boils down to the father's disagreement with the court's decision that John's preference was not persuasive in light of what his best interests appeared to be on the evidence before the court.

John's affidavit as supported by his own testimony and that of both his parents demonstrates little more than he sought the change to spend more time with his father, wear longer hair and perhaps come home or go to bed a little later. We cannot say the trial court abused its discretion in concluding that in spite of John's preference it was in his best interests to remain in the custody of his mother. We have found it unnecessary to relate all the testimony concerning John's circumstances in his mother's home. What that testimony demonstrates is a healthy atmosphere. On the record before us the trial court's decision must be sustained.

Order affirmed.