Filed 2/25/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FRANCIS ROBERT,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>STANFORD UNIVERSITY,<br><br>    Defendant and Respondent. | H037514<br>(Santa Clara County<br>Super. Ct. No. CV162789) |

Plaintiff Francis Robert appeals from the trial court's order requiring him to pay $100,000 in attorney's fees to defendant Stanford University (Stanford) after Stanford prevailed in Robert's action under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). He claims that the court failed to make the requisite written findings, failed to consider his financial condition, and abused its discretion in finding that his FEHA cause of action was "without merit[,] frivolous and vexatious." We affirm.

## I. Background

Robert is an American Indian.[1] He was employed by Stanford from 1997 to 2008. Stanford terminated his employment in 2008 due to his harassment of a female Stanford

---

[1] Robert indicated at oral argument that he prefers to be referred to as American Indian rather than Native American.

employee.  He had been given several warnings prior to his termination, but he had continued to harass her.  His harassment of her led to a restraining order against him, which was upheld on appeal by this court in 2009.  Robert initiated this action in 2010.  His FEHA cause of action against Stanford alleged that his termination was based on his race.  He maintained that Stanford's reliance on his harassment was merely a pretext for racial discrimination.

During discovery, Robert never identified any evidence other than his own testimony that might support his FEHA cause of action.  At trial, Robert testified that he believed that those responsible for investigating the harassment and terminating him had discriminated against him based on his "native ancestry."  He provided no other evidence in support of his discrimination claim.  At the close of evidence, Stanford moved for nonsuit on all causes of action.  Robert conceded that he had no evidence to support his discrimination cause of action.  He asserted that this was because the court had excluded evidence, but the court noted that all of the excluded evidence was irrelevant to his discrimination claim.  The trial court granted Stanford's motion for nonsuit on the FEHA cause of action.  It found that there was "some evidence" supporting Robert's retaliation claim and his breach of contract/breach of the implied covenant claim and allowed them to go to the jury.  The jury returned a defense verdict.

Stanford incurred over $235,000 in attorney's fees defending against Robert's action, and it filed a motion seeking to recover its attorney's fees in the FEHA action.  Robert opposed the motion on the ground that he was "destitute" and that his FEHA cause of action had not been frivolous, groundless, unreasonable, or vexatious.  Robert submitted a declaration in support of his opposition in which he claimed that he was unemployed, had no income and no future employment prospects, had spent all of his savings, and had borrowed the maximum amount that he could borrow from his retirement.

At the hearing before the trial court, the court noted that Robert opposed an award of attorney's fees on the grounds that his cause of action was supported by "substantial factual authority" and that he was "impecunious at this time." Stanford argued that Robert's action was "vexatious" and designed to "harass [the victim of his harassment]." It also challenged Robert's claim that he was impecunious and claimed that "[h]e has some assets." The court awarded Stanford attorney's fees. It stated: "I am finding that the FEHA claim was without merit and was frivolous and vexatious. It was a legal theory in search of facts. There were none that were presented." The court also noted that Robert's non-FEHA cause of action had been decided by the jury "in fifteen minutes." Since attorney's fees were not available on the non-FEHA cause of action, the court apportioned fees and awarded Stanford $100,000, which was less than half of the fees it sought. Robert timely filed a notice of appeal.[2]

## II.  Discussion

Robert's discrimination cause of action was brought under FEHA. (Gov. Code, § 12940.) "In civil actions brought under [FEHA], the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees." (Gov. Code, § 12965, subd. (b).) "Despite its discretionary language, however, the statute applies only if the plaintiff's lawsuit is deemed unreasonable, frivolous, meritless, or vexatious. . . . '"[M]eritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case . . . .'" (*Mangano v. Verity, Inc.* (2008) 167 Cal.App.4th 944, 948-949, fn. omitted.) "[A] plaintiff's ability to pay must be considered before awarding attorney fees [in a FEHA

---

[2]     Stanford originally challenged the timeliness of Robert's notice of appeal, but it withdrew this contention at oral argument after it realized that the contention lacked merit.

action] in favor of the defendant." (*Villanueva v. City of Colton* (2008) 160 Cal.App.4th 1188, 1203.) A trial court awarding attorney's fees to a prevailing defendant under Government Code section 12965, subdivision (b) also must make "express written findings" demonstrating that it has applied the proper standards. (*Jersey v. John Muir Medical Center* (2002) 97 Cal.App.4th 814, 831 (*Jersey*).)

### A.  Court's Failure To Make Written Findings

Robert claims that the trial court's attorney's fees order must be reversed because it failed to make express written findings.

The court did not issue a separate written order on the attorney's fees issue. Instead, the attorney's fees award was incorporated into an amended judgment. The amended judgment stated only: "Having considered the moving, opposition and reply papers, and arguments at the July 20, 2011 hearing, and good cause appearing, the Court granted Defendant's motion and awarded attorneys fees in the amount of $100,000.00."

The court made no express *written* findings in support of the attorney's fees award, but it did make express *oral* findings at the hearing where it announced its award. "I am finding that the FEHA claim was without merit and was frivolous and vexatious. It was a legal theory in search of facts. There were none that were presented." The record does not reflect that the court *wrote down* its findings.

Stanford urges us to reject the judicially created requirement that an award of attorney's fees to a defendant in a FEHA case must be supported by express *written* findings. The "express written findings" requirement originated in the Second District Court of Appeal's decision in *Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro* (2001) 91 Cal.App.4th 859 (*Rosenman*). The trial court in *Rosenman* had made no findings at all. Although the Second District concluded that reversal was required because there was no possible factual basis for an award, the court also "impose[d]" new rules governing such cases. (*Rosenman*, at p. 868.) "[W]e therefore

4

impose a nonwaivable requirement that trial courts make written findings reflecting the *Christiansburg*/*Cummings* standard in every case where they award attorney fees in favor of defendants in FEHA actions." (*Ibid*.) And the Second District commanded: "[W]here the required findings are not made by the trial court, the matter must be reversed and remanded for findings, unless the appellate court determines no such findings reasonably could be made from the record." (*Ibid*.) The Second District further suggested, in a footnote, that "[t]he trial court should also make findings as to the plaintiff's ability to pay attorney fees, and how large the award should be in light of the plaintiff's financial situation." (*Rosenman*, at p. 868, fn. 42.) Although *Rosenman* has been cited for these propositions a number of times, it has never been the basis for a holding on these points. In *Jersey*, the First District cited *Rosenman* and noted the absence of findings, but, as in *Rosenman*, the award was reversed based on an abuse of discretion due to the absence of any basis for the award. (*Jersey*, *supra*, 97 Cal.App.4th at pp. 831-832.) The lack of findings was immaterial.

We see no need to address in this case the validity of the Second District's imposition in *Rosenman* of the requirement that the requisite findings be in writing. A rule that the required findings be committed to writing serves a salutary purpose by requiring the trial court to put the necessary thought into writing down its findings thereby ensuring that it applies the appropriate standard. Written findings also facilitate appellate review of those findings. We *do* see a need to address the Second District's further command in *Rosenman* that reversal is automatically required unless no award could possibly be justified.

"Article VI, section 13, of the California Constitution provides that a judgment cannot be set aside ' . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.' This fundamental restriction on the power of appellate courts is amplified by Code of Civil Procedure section 475, which states that trial court error is

5

reversible only where it affects ' . . . the substantial rights of the parties . . . ,' and the appellant 'sustained and suffered substantial injury, and that a different result would have been probable if such error . . . had not occurred or existed.' Prejudice is not presumed, and the burden is on the appealing party to demonstrate that a miscarriage of justice has occurred." (*Waller v. TJD, Inc.* (1993) 12 Cal.App.4th 830, 833.)

We are bound by article VI, section 13 and Code of Civil Procedure section 475, and we may not reverse a judgment in the absence of a showing of prejudice. It follows that *Rosenman*'s rule that reversal is automatically required whenever the court fails to make written findings (unless there is no basis for the court's award) cannot withstand scrutiny. When a court fails to make written findings, we examine the record to determine whether it nevertheless discloses that the court applied the appropriate standards. If the record affirmatively indicates that the court applied the correct standards, the court's failure to put its findings into writing does not itself justify reversal. Here, the trial court made express oral findings when it ruled on Stanford's motion at the hearing. These express findings demonstrate that the court applied the correct standards. Consequently, the court's failure to put these findings in writing was not prejudicial and does not itself justify reversal.

### B. Consideration of Financial Condition

Robert contends that the court failed to consider his financial condition. The record rebuts his contention. The trial court explicitly stated at the hearing on the motion that one of Robert's contentions was that the motion should be denied due to his financial condition. Robert's written opposition to the motion and his accompanying declaration, which the trial court affirmatively stated it had considered, detailed his financial condition and sought denial of the motion on that basis. On this record, we can only conclude that the trial court properly considered Robert's financial condition.

6

## C. Abuse of Discretion

Robert claims that the court abused its discretion in finding that his action was "unreasonable, frivolous, meritless, or vexatious." (*Mangano v. Verity, Inc.*, *supra*, 167 Cal.App.4th at p. 949.) The trial court found that Robert's FEHA cause of action was meritless, frivolous, and vexatious, and lacked any factual support. Robert claimed in his 2010 FEHA cause of action that his termination was based on race. Stanford asserted that it had terminated him due to his harassment of another employee. Before Robert even initiated his FEHA action, this court had already upheld a restraining order against Robert based on this harassment. Robert never had or even claimed to have any evidence that race discrimination played a role in his termination other than his own opinion. The trial court did not abuse its discretion in concluding that Robert's action was both meritless and vexatious. The complete absence of evidence to support his FEHA action reflected its meritless nature, and the timing of his initiation of this action indicated that his action was intended to harass.

## III. Disposition

The amended judgment is affirmed.

_____

Mihara, J.

WE CONCUR:

_____

Premo, Acting P. J.

_____

Grover, J.

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court |
| Trial Judge: | Honorable Thomas P. Hansen |
| Attorney for Appellant: | Francis Robert<br>In propria persona |
| Attorneys for Respondent: | Michael T. Lucey<br>Don Willenburg<br>Gordon & Rees LLP |