Filed 11/6/14  Carpenter v. Leung CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DONNA KAY CARPENTER, as Successor in Interest, | B252083 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GC048260) |
| v. | |
| ROBERT LEUNG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jan A. Pluim, Judge.  Affirmed.

Law Offices of Frailey & Associates and Dale C. Frailey for Defendant and Appellant.

Center for Disability Access and Dennis Price for Plaintiff and Respondent.

\* \* \* \* \* \*

The court entered a judgment in favor of Jon Richards Carpenter based on a violation of the American with Disabilities Act of 1990 (ADA). (42 U.S.C. § 12101 et seq.) Robert Leung challenges the judgment on evidentiary grounds, but fails to demonstrate any error. We affirm.

## FACTS AND PROCEDURE

On October 17, 2011, Carpenter sued Leung, alleging violations of the ADA, Unruh Civil Rights Act, California Disabled Persons Act and stating a cause of action for negligence. Carpenter alleged that he was quadriplegic and required use of a wheelchair for mobility. According to the complaint, Leung owned a shopping center in Rosemead California. Carpenter alleged that Leung failed to provide any van-accessible parking space with an eight-foot access aisle.

In his trial brief, Carpenter argued that Leung provided three handicap parking spaces but none was van accessible. Carpenter argued that Leung was required to provide at least one compliant van-accessible parking spot.

At trial, Carpenter testified that he was quadriplegic and needed the assistance of a wheelchair. He drove a minivan that was modified for wheelchair use. On July 6, 2011, he went to a retail complex located at 8632 Valley Boulevard and tried to park his car. There was not enough space for his ramp to deploy. The parking space did not have an eight-foot ramp.

In his defense, Leung sought to admit a picture of the parking lot in the back of the building. Carpenter's attorney objected arguing that the picture had not been produced during discovery. After Carpenter's counsel explained the discovery violation including the request for production and the motion to compel, the court sustained Carpenter's objection to the evidence. The court limited Leung to asking about the parking space in the front of the building. The court explained that "[t]he only complaint is about the parking space in front . . . . The plaintiff is not claiming that there was any other violation . . . ." The court further explained that the parking spot in the front of the building was too small and it was not a defense that defendant had a parking spot in the back of the building. The court stated it's not reasonable "for a handicapped person to

2

park in the back of the building and some how maneuver around to the front of the building. They [have] to have access to any of the businesses, that's not a reasonable accommodation."

At the conclusion of trial, the court admitted into evidence Leung's admission that the subject property was not accessible. The court also admitted into evidence Leung's admission that there was no accessible van parking space. Leung also had admitted that there was no accessible eight-foot access aisle on the passenger side of the vehicle.

The court entered judgment for Carpenter, calculating damages in the amount of $4,000 and added costs and attorney fees to the judgment. This appeal followed.[1]

**DISCUSSION**

Leung argues that the court should have allowed him to admit a photograph purportedly demonstrating that a parking spot behind the restaurant was van accessible. He further argues that it is reasonably probable he would have obtained a more favorable result absent the alleged error. We disagree

First, Leung cites no authority indicating that a van-accessible space located in the rear of the building is compliant with the ADA. He therefore fails to demonstrate that the court erred in concluding that the picture showing parking in the rear of the building was irrelevant.

Second, independent from the deficiency in his legal argument, Leung also fails to produce an adequate record. The picture he sought to admit is not included in our record. Therefore, it is impossible for this court to assess his claim that the picture was material to the lawsuit. Moreover, Leung relies on purported facts not included in the record. For example, he states that "[t]he back parking spaces referred to by Defendant/Appellant Robert Leung was approximately 25 feet from the space in front of the restaurant . . . ." He fails to cite to the record for that so-called fact (as required by Cal. Rules of Court, rule 8.204(a)(1)(C)), and no evidence in the record supports his statement. It is the

---

[1] Carpenter is deceased. His mother Donna Kay Carpenter is his successor in interest.

3

appellant's burden to provide an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  Leung failed to do so.

Even if Leung could show the trial court should have admitted the picture of the parking space in the rear of the building, he fails to show prejudice.  "'Article VI, section 13, of the California Constitution provides that a judgment cannot be set aside ". . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."  This fundamental restriction on the power of appellate courts is amplified by Code of Civil Procedure section 475, which states that trial court error is reversible only where it affects ". . . the substantial rights of the parties . . . ," and the appellant "sustained and suffered substantial injury, and that a different result would have been probable if such error . . . had not occurred or existed."  Prejudice is not presumed, and the burden is on the appealing party to demonstrate that a miscarriage of justice has occurred.'" (*Robert v. Stanford University* (2014) 224 Cal.App.4th 67, 72.)  Here, there was evidence that Leung *admitted* there was no van-accessible parking spot.  That admission overwhelmingly supported the judgment, and it is not reasonably probable that considering the picture would have altered the judgment.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to costs on appeal.


FLIER, J.

WE CONCUR:



BIGELOW, P. J.                    RUBIN, J.


4