Filed 10/8/24  Marriage of Jones CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of CAROL and AARON JONES. | |
| CAROL JONES,<br><br>    Appellant,<br><br>        v.<br><br>AARON JONES,<br><br>    Respondent. | F086098<br><br>(Super. Ct. No. 09CEFL03831)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Jennifer Hamilton, Commissioner.

Carol Jones, in pro. per., for Appellant.

Aaron Jones, in pro. per., for Respondent.

-ooOoo-

Appellant Carol Jones appeals a child custody and visitation order after a contested hearing granting joint legal and physical custody of her two minor children to her and their father, respondent Aaron Jones.  Appellant argues that the trial court, both at the contested hearing and at a prior hearing giving rise to a *temporary* child custody

order, exhibited impermissible bias against her and erred by disallowing her two minor children to address the court. Appellant raises other undeveloped arguments unsupported by legal argument or citation to the record. We affirm.

## BACKGROUND

This appeal arises from marital dissolution and child custody litigation initiated by appellant in 2009. In September 2021, appellant filed a request to modify the then-existing custody and visitation order to grant her sole, rather than joint, legal and physical custody of her and respondent's children, to respondent's exclusion.

Prior to the April 29, 2022,[1] hearing on her request, appellant and respondent participated in mediation with a court-appointed counselor but were unable to resolve their dispute. The counselor issued a summary of his findings. At the April 29 hearing, the court ordered further mediation and instructed the parties to refrain from speaking to the children about the mediation.

The parties' mediation proved unsuccessful. The counselor issued a subsequent recommendation that, in relevant part, the court grant appellant sole legal and physical custody of the children and limit respondent's visitations with the children to one day per week for a few hours, subject to the children's wishes to meet with respondent. The counselor indicated that appellant believed the children "should be heard in their request to have no visits with the father."

On July 11, the parties appeared at a hearing regarding the counselor's recommendation. The court asked appellant if she would like the court to adopt the counselor's recommendation, but appellant requested a contested hearing. Granting her request, the court instructed the parties to prepare and file witness and exhibit lists prior to the contested hearing. On July 19, the court issued a temporary child custody and parenting time order awarding appellant and respondent joint legal and physical custody.

---

**1** All dates are in 2022 unless stated otherwise.

Prior to the contested hearing, appellant filed a trial brief arguing, among other things, that she should be awarded sole legal and physical custody of the children. She did not list the children as witnesses in her witness list.

On February 15, 2023, the trial court held a contested hearing where it received evidence, including witness testimony, though not from the children, and heard the parties' arguments.[2] The court issued a February 15, 2023 child custody and visitation order, awarding appellant and respondent joint legal and physical custody of the children. In relevant part, the order permitted father limited custody every other weekend for four hours each Saturday and Sunday, respectively. Any visitation would be subject to the children's "wishes," which would be "honored by both parents."

On April 13, 2023, appellant filed a notice of appeal from the February 15, 2023 order.

## DISCUSSION

### I. PROCEDURAL DEFICIENCIES

Appellant's appeal is fatally deficient. Insofar as her arguments pertain to the contested hearing giving rise to the February 15, 2023 order, we lack a reporter's transcript of those proceedings. This absence precludes " 'a determination that the trial court [erred].' " (*Oliviera v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447.) We presume "that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) "[W]e ' "must conclusively presume that the evidence is ample to sustain the [trial court's] findings[]" ' … [and o]ur review is limited to determining whether any error 'appears on the face of the record.' "

---

[2] No report's transcript of these proceedings exists in our record.

3.

(*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324–325.) With no transcript of the February 15, 2023 proceedings, we cannot determine whether the court exhibited bias or erred by not permitting the children to address the court.

Further, apart from a general assertion that the trial court erred at the contested hearing, appellant fails to demonstrate by legal argument and citation to the record, for there is none, that the court committed error that prejudiced her, forfeiting her arguments pertaining to the February 15, 2023 contested hearing and resulting order. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 162; *Robert v. Stanford University* (2014) 224 Cal.App.4th 67, 72 [appellants must demonstrate both the presence of error and the prejudicial effect of that error]; see Cal. Rules of Court, rule 8.204(a)(1)(B) [each brief must "support each point by argument and, if possible, by citation of authority"], (a)(1)(C) [each brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)[3] She does not explain, even without a record, what occurred at the contested hearing. It is not the appellate court's burden to figure out why the court erred. (*People v. JTH Tax, Inc*. (2013) 212 Cal.App.4th 1219, 1237.) These standards apply to attorneys and to self-represented parties, like appellant, equally. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

Finally, most of appellant's arguments address only the July 19 *temporary* child custody order and related proceedings, not the February 15, 2023 order. Temporary child custody orders are not appealable. (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 558 [no statute expressly makes temporary child custody orders appealable, and there "is no independent constitutional basis for the appealability of these orders"].) A temporary custody order is interlocutory. It is intended to be replaced by an award of custody after trial. (*Id*. at p. 559.) This renders improper appellant's arguments challenging the July 19

---

**3**     All further references to rules are to the California Rules of Court.

*temporary* custody order because the February 15, 2023 order superseded it, and appellant does not argue that the July 19 temporary order, or the July 11 hearing, somehow resulted in error in the February 15, 2023 contested hearing and resulting order.

## II. APPELLANT FAILS TO DEMONSTRATE ERROR

Turning to the merits, appellant contends the trial court exhibited improper bias toward her and erred by not permitting the children to address the court, both at the July 11 hearing and the February 15, 2023 contested hearing. We conclude her arguments fail.

### A. Bias

We thoroughly reviewed the record and those statements cited by appellant from the July 11 hearing. We find no indication of bias.

Given appellant did not properly seek review of her claims of judicial bias under procedures provided by California law, her claims of bias are subject to the "exceptionally stringent standard" of the due process clause. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 588–589 [failure to properly seek review of judicial bias under California law subjects claims of bias to the due process clause].) To meet this standard, appellant must show "a constitutional risk of actual bias or prejudgment requiring disqualification." (*Id.* at p. 589.)

"It is 'extraordinary' for an appellate court to find judicial bias amounting to a due process violation. [Citation.] The appellate court's role is not to examine whether the trial judge's behavior left something to be desired, or whether some comments would have been better left unsaid, but to determine whether the judge's behavior was so prejudicial it denied the party a fair, as opposed to a perfect, trial. [Citation.] Mere expressions of opinion, based on observation of the witnesses and evidence, do not demonstrate judicial bias. [Citation.] Numerous and continuous rulings against a party are not grounds for a finding of bias." (*Schmidt v. Superior Court*, *supra*, 44 Cal.App.5th at p. 589.)

Here, appellant's argument faces an insurmountable hurdle: the commissioner whose comments she cites as biased was *not* the commissioner who presided over the contested hearing. Appellant fails to explain, and we cannot see, how the former commissioner's comments equated to the latter commissioner's bias. With no transcript of the contested hearing, we find no bias that prevented appellant from receiving a fair contested hearing or that undermined the February 15, 2023 order.

Even addressing those examples cited by appellant, they do not amount to bias under the above standard. Most amount to, at best, opinions premised upon the court's observation of the parties and the information obtained from the counselor's recommendation, which is not bias. Others we interpret as the commissioner attempting to manage the courtroom and to further clarify various facts: that the children could refuse to visit with respondent, and the children could choose with whom they lived at the age of majority. (See Fam. Code, § 7505, subd. (c); *Edwards v. Edwards* (2008) 162 Cal.App.4th 136, 143 [an adult is not in the custody of either parent].) We conclude no bias exists in the record before us.

### B. The Children's Testimony

Appellant's argument that the court improperly refused to permit the children to address the court fails because (1) we cannot determine if the court received any information or request about the *children's* desire, not appellant's desire for them, to address the court, and (2) even if the court improperly denied a request for the children to address the court, appellant fails to identify, nor can we find, prejudice resulting from the purported denial.

Though a court must consider "and give due weight" to the child's preferences either by permitting the child to testify or by fashioning a reasonable alternative to hear the child's perspective (Fam. Code, § 3042, subds. (a), (d); rule 5.250(a)–(c) [implementing Fam. Code, § 3042]), the court need not inquire, without prompting, about whether a child will testify. (Rule 5.250(c)(4) [a court "may," not must, inquire about

whether a child wishes to testify].)  In relevant part, either a child custody recommending counselor *or* a party must notify the judicial officer that a child wishes to address the court regarding custody or visitation matters to trigger the court's consideration of a child's preference.  (Rule 5.250(c).)

Even where a court is aware of a child's preference regarding custody, it may reject that preference in its discretion.  (*In re Marriage of Hopson* (1980) 110 Cal.App.3d 884, 906–907 [court not bound to decide custody according to a child's wishes]; *In re Marriage of Mehlmauer* (1976) 60 Cal.App.3d 104, 110.)

Here, neither the counselor nor appellant informed the court that the *children* desired to address the court.  The counselor's recommendation did not mark the boxes indicating that the children wished to address the court.  At best, he indicated under the "Contested Issues" category that *appellant* believed the children *should* be heard about visitation, not that the children in fact wished to be heard.

We can identify no place in the record before us where appellant informed the court, pursuant to rule 5.250(c)(3), that either child wished to address the court.  She asked the court, on July 11, if one of the children could appear at the contested hearing, but the court did not tell her that child could not appear.  Neither did appellant list the children in her witness list prior to the contested hearing.[4]  Lacking a transcript of the contested hearing, we cannot identify any oral request, or denial of the same, for the children to address the court.  Given we find no indication that the court was apprised that the children wished, or any sign that the court did not allow them, to testify at any

---

[4]    Appellant appears to argue that she received no notice that the children could be included in the witness list for the contested hearing.  Appellant was required to educate herself about the law, including those applicable to the children's testimony, and ignorance of the same is no excuse.  (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413 [a self-represented litigant's " 'alleged ignorance of legal matters … can hardly constitute "mistake, inadvertence, surprise or excusable neglect" ' "]; *People v. Meneses* (2008)165 Cal.App.4th 1648, 1661 ["ignorance of the law is no excuse"].)

hearing, and the court was not required to inquire about their desire to testify unprompted, appellant forfeits her complaint. (*People v. Arredondo* (2019) 8 Cal.5th 694, 710 [failure to object to an alleged trial error precludes review on appeal].)

Even if the court did err as appellant alleges, we can identify no prejudice arising from the error: that she was reasonably likely to receive a more favorable result absent the error. (*Robert v. Stanford University*, *supra,* 224 Cal.App.4th 67, 72 [reversable error requires both the fact of an error and resulting prejudice].) Absent a child addressing the court directly, one permissible means for the court to receive and review the child's preferences is through a counselor's recommendation. (Rule 5.250(e)(1)(D) [information provided by a child custody recommending counselor is a permissible alternative means for the court to obtain input from a child].)

Here, the counselor's recommendation indicated, based on his interviews with the children, that they preferred to not visit respondent and had concerns about their living arrangement with respondent. Thus, even if the trial court improperly excluded the children's testimony, the court nevertheless received their preferences via the recommendation, and appellant does not argue, nor can we conclude, that the introduction of the children's preferences through live testimony, rather than in writing, would materially change the outcome of the contested hearing.

### C. Other Arguments

Insofar as appellant argues the court abused its discretion by issuing an order contrary to the children's preferences or the counselor's recommendation that appellant receive sole legal and physical custody, we find no abuse of discretion.

We review child custody and visitation orders for an abuse of discretion. (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.) We must uphold the trial court's ruling if it is correct on any basis, whether relied upon by the court or not. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) Courts have great discretion in fashioning child custody and visitation orders such that an abuse of discretion exists only "if there is no

8.

reasonable basis on which [the court] could conclude that its decision advanced the best interests of the child." (*S.Y. v. Superior Court* (2018) 29 Cal.App.5th 324, 333.) "[E]ven if we disagree with the trial court's determination, we uphold the determination so long as it is reasonable." (*Id*. at pp. 333–334.)

Setting aside the absence of any record, which prevents us from analyzing the evidence and arguments presented at the contested hearing that informed the court's February 15, 2023 order, the mere fact that the court's ruling differed from the counselor's recommendation is not dispositive. The counselor's recommendation was, by name, a recommendation. It did not bind the court. Similarly, the children's wishes were not binding upon the court. (*In re Marriage of Hopson*, *supra*, 110 Cal.App.3d at pp. 906–907 [court must consider child's preferences and give them due weight but is not bound to decide custody according to them; applying Civ. Code, former § 4600].) Thus, the court possessed discretion to deviate from the counselor's recommendation unless that deviation lacked any reasonable basis to conclude that it advanced the best interests of the children.

The record before us does not show that the trial court's order was unreasonable or failed to advance the best interests of the children. We view the court's order as striking a balance between the parties' positions. Though it did not award appellant the sole custody she requested, it did specify in its order that the children would reside with respondent every other weekend for four hours each day only if they wished to do so: a position appellant advocated below. The court's order fell within a reasonable range of possible outcomes available in its broad discretion. We see no evidence that the court abused its discretion in issuing the February 15, 2023 order.

Finally, appellant seems to raise, but does not develop, other arguments on appeal, e.g., purported factual errors in the counselor's recommendation, alleged issues of respondent's conduct with the children and his character, which we need not address. (*Oak Valley Hospital Dist. v. State Dept. of Health Care Services* (2020) 53 Cal.App.5th

9.

212, 228 [undeveloped arguments are forfeited on appeal]; see also, *Linhart v. Nelson* (1976) 18 Cal.3d 641, 645 ["[h]aving examined petitioners' other contentions, we find them of insufficient merit to warrant discussion"]; *People v. Garcia* (2002) 97 Cal.App.4th 847, 853 ["[a]n appellate court is not required to address all of the parties' respective arguments … or express every ground for rejecting every contention advanced by every party"].)  These are arguments about facts and credibility determinations that must be resolved by the trier of fact below and cannot be relitigated on appeal.  (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 493–494.)

We conclude that appellant fails to demonstrate any error.

## DISPOSITION

The order is affirmed.  Respondent shall recover costs on appeal.


FRANSON, J.


**WE CONCUR:**


DETJEN, Acting P. J.


PEÑA, J.