Filed 12/30/24  Perez v. Perez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ABEL PEREZ,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>ROBERTO PEREZ et al.,<br><br>Defendants and Respondents. | F087666<br><br>(Super. Ct. No. 23CECG00025)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi C. Kapetan, Judge.

Abel Perez, in pro. per., for Plaintiff and Appellant.

Roberto Perez and Nina Perez, in pro. per., for Defendants and Respondents.

-ooOoo-

Plaintiff Abel Perez appeals from a judgment dismissing his case against his parents, defendants Roberto Perez and Nina Perez,[1] after the trial court sustained their

---

[1] We refer to the parties by their first names due to their identical surnames, not out of disrespect.

demurrer to his first amended complaint as time-barred under the applicable statute of limitations (Code Civ. Proc.,[2] § 340.15, subd. (a)).

Abel contends we should reverse the judgment and the order sustaining the demurrer because (1) the court misapplied the statute of limitations under section 340.15, subdivision (a); (2) the court engaged in a pattern of prejudicial bias; (3) the court sustained the demurrer despite Roberto and Nina's failure to meet and confer pursuant to section 430.41; and (4) Roberto and Nina did not serve him with the proposed judgment. We reverse the judgment and grant Abel leave to amend.

## BACKGROUND

On January 3, 2023,[3] Abel filed his complaint. The court rejected his concurrently filed certificate of merit under section 340.1.[4] He then filed a first amended complaint on February 28. In it, he brought causes of action based in tort[5] against Roberto and Nina, as well as the Watchtower Bible and Tract Society of New York, Inc., the Watch Tower Bible and Tract Society of Pennsylvania, and the Christian Congregation of Jehovah's Witnesses (collectively, Watchtower defendants).

**The First Amended Complaint**

We summarize the pertinent allegations in Abel's first amended complaint below:

---

[2] All undesignated statutory references are to the Code of Civil Procedure.

[3] All dates are in 2023 unless otherwise designated.

[4] Section 340.1 requires a plaintiff, such as Abel, over 40 years of age to submit a certificate of merit, signed by either an attorney or a licensed mental health practitioner, to bring an action for damages from childhood sexual assault. (§ 340.1, subds. (f)–(g).)

[5] Pertinent here, as to Roberto and Nina, Abel brought causes of action for (1) negligence (Civ. Code, § 1714); (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress; and (4) "battery" under Civil Code section 1708.6, which codifies domestic violence as a tort.

Abel is Roberto and Nina's son. He alleges that, when he was a child, his parents physically and emotionally abused him. He does not bring causes of action specifically for sexual misconduct, though he appears to allege they committed sexual misconduct against himself and his siblings.[6]

His family participated in a Jehovah's Witness church. In 1987, when Abel was eight years old, he and his siblings sent a letter to the Watchtower defendants, who play a governing role in the church, detailing Roberto and Nina's abuse. Though the Watchtower defendants sent two elders to Abel's home, they did not address the situation.

In 2009, when Abel was 30 years old, he spoke to a church elder about the abuse, but the elder declined to address it because the church was not in his jurisdiction. Again, in 2013, when Abel was 34 years old, he wrote a letter to an elder in his parents' congregation about the abuse, who declined to address it because it happened long ago.

**The Demurrer**

Roberto and Nina filed a demurrer to the first amended complaint on April 5. They argued the statute of limitations barred each cause of action, and Abel failed to allege facts sufficient to state a cause of action.

Regarding Abel's general allegation of childhood sexual abuse, Roberto and Nina argued that Abel failed to file the certificates of merit required by section 340.1, subdivision (g). The trial court agreed, finding that, to the extent Abel alleged childhood sexual abuse, his failure to file the certificates of merit barred his claims. Further, the court noted Abel's express concession, in opposition to his parents' demurrer, that he alleged no causes of action under section 340.1.

---

[6] Abel apparently removed causes of action for sexual battery and sexual harassment, contained in his original complaint, from his first amended complaint after the trial court rejected his certificate of merit. (§ 340.1, subds. (f)–(g).)

Abel countered his causes of action, based on alleged domestic violence, were timely because they fell within section 340.15's three-year statute of limitations for actions for damages based upon domestic violence.  As part of Abel's request for leave to amend, he represented that he did not discover any injuries from the alleged domestic violence until he "was diagnosed in October. 2019 with a psychological injury stemming from childhood physical abuse."  The trial court however rejected this argument.  The court noted Abel never alleged any delayed discovery in the first amended complaint, only that he began to speak out about the abuse in 2009, a decade before he filed his lawsuit.

On that basis, the trial court found Abel's requested leave to amend futile.  Though the court observed he could allege further facts about his psychological injuries, "Abel admit[ted] he has been complaining publicly about 'domestic violence' since he was eight years old in 1987."  Given Abel had years to discover the injuries arising from the alleged abuse, the court determined he "reasonably should have discovered all injuries resulting from the domestic violence long before October 2019."  Ultimately, the court sustained the demurrer without leave to amend and directed Roberto and Nina to prepare a proposed judgment.

**Postjudgment Matters**

On September 1, Roberto and Nina submitted a proposed judgment but did not serve it upon Abel.  The trial court issued a response on September 5, served upon all parties, rejecting the proposed judgment for failure to conform to the court's order and directing Roberto and Nina to prepare a new proposed judgment.  That same day, Roberto and Nina submitted, and the court signed and filed, a judgment dismissing Abel's first amended complaint.

The next day after judgment was entered, Abel filed a motion for reconsideration under section 1008.  On October 24, Abel filed a motion to add an additional cause of

action for fraud and included a proposed second amended complaint. In response, Roberto and Nina filed a motion to strike the second amended complaint.

The Watchtower defendants also filed an opposition to Abel's motion for reconsideration. At this point, these defendants already brought a successful demurrer, unrelated to this appeal, and the court entered a judgment of dismissal in their favor on September 7.

On December 7, Abel, Roberto, Nina, and Roberto's son, Roberto Jr., appeared at a hearing upon the motion for reconsideration and motion to strike. Because Roberto primarily spoke Spanish, Roberto Jr. translated for Roberto at the hearing. The trial court ordered all motions off calendar because judgment had been entered, depriving the court of jurisdiction.

On February 28, 2024, Abel filed a timely notice of appeal.[7]

## DISCUSSION

We review an order sustaining a demurrer without leave to amend *de novo*, examining the pleaded facts to see whether they are sufficient to state any cause of action under any legal theory. (*Summerfield v. City of Inglewood* (2023) 96 Cal.App.5th 983, 992.) In so doing, we " 'assume the truth of all properly pleaded facts,' " but we " 'do not assume the truth of contentions, deductions, or conclusions of fact or law, and may disregard allegations that are contrary to the law or to a fact that may be judicially noticed.' " (*Ibid*.)

---

[7]    According to our record, Roberto and Nina did not file or serve on Abel a notice of entry of judgment. Therefore, Abel's appeal is timely, falling within 180 days from September 5. (Cal. Rules of Court, rule 8.104(a)(1)(C).) However, Abel does not address the Watchtower defendants, nor could he. The Watchtower defendants served him with notice of judgment on September 12, triggering the 60-day deadline to appeal, and, though it does not appear Abel challenges the judgment against these defendants in this appeal, any contention by Abel regarding those defendants here is untimely and jurisdictionally barred. (*Ibid*.)

We review the denial of leave to amend for abuse of discretion. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.) "Generally, it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment. [Citation.] … However, the burden is on the plaintiff to demonstrate that the trial court abused its discretion. [Citations.] Plaintiff must show in what manner he can amend his complaint and how the amendment will change the legal effect of his pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

## I.    Abel Should Be Granted Leave To Amend

We consider only the propriety of the trial court's denial of Abel's request for leave to amend on appeal. We agree with the court that Abel did not allege delayed discovery in his first amended complaint sufficient to avoid section 340.15's statute of limitations. Thus, the court properly sustained the demurrer. But the court abused its discretion by refusing Abel leave to amend. We find a reasonable possibility that Abel could successfully amend his first amended complaint to avoid section 340.15's statute of limitations by pleading delayed discovery of his psychological injuries. We therefore remand this case so that Abel may amend his first amended complaint.

All of Abel's theories of liability arise from alleged domestic violence.[8] He had three years "from the date [he] discover[ed] or reasonably should have discovered that an

---

[8]    Abel conceded in his opposition to the demurrer that Roberto and Nina are "NOT named under [any] sexual abuse causes of action. The First Amended Complaint HAS NO sexual causes of action." Insofar as Abel addresses any sexual conduct on appeal, (1) he conceded he alleges no liability for such conduct below, and (2) the trial court properly concluded that Abel failed to file the appropriate certificates of merit (see § 340.1, subd. (g)) for causes of action based on childhood sexual abuse brought when, as here, the plaintiff is over 40 years old (§ 340.1, subds. (e), (j) [failure to file certificates grounds for demurrer]). Regardless, Abel does not argue this ground for sustaining the demurrer was in error, forfeiting any argument on this issue. (*Oak Valley Hospital Dist. v.*

injury or illness resulted from an act of domestic violence by [Roberto and Nina] against [himself]." (§ 340.15, subd. (a)(2).)[9]

Subtracting the three-year statute of limitations period (§ 340.15, subd. (a)(2)) and the 178-day tolling of all statutes of limitations due to the COVID-19 pandemic[10] from January 3, 2023, when Abel filed his original complaint, gives us July 9, 2019. So, Abel's suit is timely only if he neither "ha[d], or should have [had], inquiry notice of [his] cause of action" before that date. (*Fox v. Ethicon Endo-Surgery, Inc*. (2005) 35 Cal.4th 797, 807–808.)

This "discovery rule" tolls the applicable statute of limitations while a plaintiff is unable to " 'ma[k]e earlier discovery [of a possible injury] despite reasonable diligence.' " (*Fox v. Ethicon Endo-Surgery*, *Inc*., *supra*, 35 Cal.4th at p. 808.) Because a plaintiff " 'cannot wait for the facts to find [him],' " a plaintiff is charged with presumptive knowledge of an injury if he has " 'a suspicion of wrongdoing' " (*Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 818 (*Bergstein*)), or, put differently, where circumstances alert a plaintiff to, or where a plaintiff has reasonable opportunity to investigate, a possible injury (*Fox*, at p. 808).

On appeal, Abel posits he could amend his complaint to show that he did not "suspect psychological injury until he was in his 30's." Alone, that statement is vague. Abel was likely in his 30's between 2009 and 2019, and we do not know if Abel was in

---

*State Dept. of Health Care Services* (2020) 53 Cal.App.5th 212, 228 [undeveloped arguments are forfeited on appeal].)

[9] If Abel's claims are not based on domestic violence, they are subject to the generally applicable two-year statute of limitations period. (§ 335.1.) If so, they are untimely. Abel filed his complaint over two years from his alleged discovery of psychological harm in October 2019.

[10] The Judicial Council enacted "Emergency Rule 9," which tolled all statutes of limitations exceeding 180 days between April 6, 2020 and October 1, 2020. (See *Roe v. Doe 1* (2023) 98 Cal.App.5th 965, 969, 973.)

his 30's as of July 9, 2019.[11] Assuming he was, the statement leaves open the possibility that Abel suspected psychological injury prior to July 9, 2019, which would render his claims time barred. However, Abel indicates he could allege more specific facts. "A major life change in 2018," which Abel identified at oral argument as a romantic relationship, "forced [him] to face these issues head on." According to Abel, in July 2019, he began weekly appointments with a psychologist leading to an August 2019 diagnosis for "PTSD from childhood abuse." That same month, Abel states he sent his parents a demand letter. Then, in October 2019, a different psychologist Abel visited created an October 2019 report to comply with the requirement for a certificate of merit under section 340.1.

The trial court concluded that "Abel reasonably should have discovered all injuries resulting from the domestic violence long before October 2019." The court based this inference upon Abel's reports to other individuals of his parents' abuse between 2009 and 2015. But Abel's contention on appeal that he "repressed his memories at the age of 18" is sufficient to raise at least a triable issue of fact as to the reasonableness of Abel's discovery of his psychological injuries.

"When a plaintiff reasonably should have discovered facts for purposes of the accrual of a cause of action or application of the delayed discovery rule is generally a question of fact, properly decided as a matter of law only if the evidence (or, in the case of a demurrer, the allegations in the complaint and facts properly subject to judicial notice) can support only one reasonable conclusion." (*People ex rel. Allstate Ins. Co. v. Discovery Radiology Physicians, P.C.* (2023) 94 Cal.App.5th 521, 552.)

---

[11]    We calculated Abel's age from his allegation in his first amended complaint that he was eight years old in 1987. However, Abel's date of birth is undisclosed in the record before us.

Allegations of suppressed memories and psychological blocking are sufficient to withstand a demurrer. (See *Holman v. County of Butte* (2021) 68 Cal.App.5th 189, 192–193, 198 [allegations that victim " 'was suffering from trauma induced amnesia, as diagnosed by his mental health treatment provider,' " and the " 'trauma induced amnesia prevented him from remembering the consistent and repeated abuse that he suffered at the hands of his father and mother years earlier' " was sufficient to invoke delayed discovery]; cf. *DeRose v. Carswell* (1987) 196 Cal.App.3d 1011, 1018[12] ["If [plaintiff] could and did allege that she repressed her memories of the sexual assaults until one year before filing her complaint, she might be able to invoke the delayed discovery rule"].)

Abel's representation that he could plead facts demonstrating a psychologist's diagnosis of mental injuries arising from his parents' alleged abuse, including, possibly, trauma-related suppression of his memories of and injuries arising from that abuse, establishes a reasonable possibility that Abel could amend his pleading to viably rely upon the delayed discovery rule: a fact-issue immune from demurrer that could possibly save Abel's suit from section 340.15's statute of limitations.

To do so, Abel must " 'specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' " (*Fox v. Ethicon Endo-Surgery, Inc.*, *supra*, 35 Cal.4th at p. 808.) Abel bears the burden to " 'show diligence'; 'conclusory allegations will not withstand [a subsequent] demurrer.' " (*Ibid.*) Given the specificity of Abel's proffered allegations on appeal, we are convinced that Abel has a reasonable possibility of amending his pleading to establish a fact-issue based on the delayed discovery rule, which would nullify section 340.15's statute of limitation's applicability.

---

[12]     *DeRose* was superseded by statute as recognized in *Quarry v. Doe I* (2012) 53 Cal.4th 945, 963.

Given Abel has demonstrated a reasonable possibility that he can allege specific facts to show the applicability of the delayed discovery rule, rendering his suit timely under section 340.15's statute of limitations, we conclude that Abel should be granted leave to amend.

## II. Judicial Bias

Abel alleges a prejudicial "pattern of judicial bias" related to the demurrer and other aspects of litigation below. We find Abel fails to demonstrate prejudice.

Abel's failure to bring his claims of bias under California law's procedures subjects them to the "exceptionally strict standard" of the due process clause. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 588–589 [failure to properly seek review of judicial bias under California law subjects claims of bias to the due process clause].) To meet this standard, Abel must show "a constitutional risk of actual bias or prejudgment requiring disqualification." (*Id*. at p. 589.)

"It is 'extraordinary' for an appellate court to find judicial bias amounting to a due process violation. [Citation.] The appellate court's role is not to examine whether the trial judge's behavior left something to be desired, or whether some comments would have been better left unsaid, but to determine whether the judge's behavior was so prejudicial it denied the party a fair, as opposed to a perfect, trial. [Citation.] Mere expressions of opinion, based on observation of the witnesses and evidence, do not demonstrate judicial bias. [Citation.] Numerous and continuous rulings against a party are not grounds for a finding of bias." (*Schmidt v. Superior Court*, *supra*, 44 Cal.App.5th at p. 589.)

Bias relevant to Abel's parents' demurrer could not have prejudiced him. We conduct an *independent* review of an order sustaining a demurrer. (*Summerfield v. City of Inglewood*, *supra*, 96 Cal.App.5th at p. 992.) Even if an improper motive animated the

trial court's ruling on the demurrer, *as a matter of law*, we find the court reached the correct outcome.  So, any purported bias did not result in a deficient, erroneous ruling.

Further, as to all of Abel's claims of bias, Abel fails to raise any argument that an instance of purported bias prejudiced him, forfeiting his claims.  (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["[a]n appellate court is not required to examine undeveloped claims, nor to make arguments for parties"]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [when an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

Nor do we find any bias after our exhaustive, independent review of Abel's arguments and the record before us.

The trial court did not, in ruling upon the demurrer, improperly "supplied" Roberto and Nina with the argument that Abel should have discovered his injuries earlier.  Abel requested leave to amend to allege that he could not have discovered his harm until October 2019, and the court rejected his request.  Abel did not cite to any authority, and we are aware of none, holding that a court must accept a party's legal argument even if it is unopposed.  (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 [absence of legal authorities forfeits an argument on appeal].)

The trial court did not "misinterpret[] facts" in its order sustaining the demurrer when it stated Abel "has been complaining publicly about 'domestic violence' since he was eight years old in 1987."  Though Abel argues there was "nothing public" about his reports to the Jehovah's Witness church because the church is a secretive organization, he misses the point.  His reports to the church demonstrate he recalled the alleged abuse.  Even if the court could have better phrased that sentence, we find no material, prejudicial error, nor that the court's statement was animated by improper motive.

11.

The trial court did not exhibit bias when it did not consider Abel's allegations in opposition to his parents' demurrer that Roberto perjured himself and hid assets to avoid paying court fees. These issues were irrelevant to the question before the court—the first amended complaint's legal sufficiency—and the court could not consider extraneous matters in ruling upon the demurrer. (*Ion Equipment Corp. v. Nelson* (1980) 110 Cal.App.3d 868, 881; *Griffith v. Department of Public Works* (1956) 141 Cal.App.2d 376, 381.)

Finally, Abel's other allegations of bias related to postjudgment matters—his motion for reconsideration, his motion to file a second amended complaint, and the trial court permitting Roberto's son to interpret for Roberto at the hearing on the motion for reconsideration—are irrelevant. The court lacked jurisdiction to decide these matters once it entered judgment. (*Ballona Wetlands Land Trust v. City of Los Angeles* (2011) 201 Cal.App.4th 455, 479 [entry of judgment terminates "a trial court's jurisdiction to rule on the merits of [the] case, apart from ruling on a new trial motion, a motion to vacate the judgment or a similar motion"]; *Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1483 [entry of judgment divests jurisdiction to hear motion for reconsideration].)[13] Lacking authority to rule on the merits, the court correctly ordered Abel's postjudgment motions, and all related filings, off calendar. Any purported bias is not only unapparent in our record but would not have prejudiced Abel given the court lacked jurisdiction to rule on Abel's motions because it had already entered judgment.

---

[13] Given the trial court lacked jurisdiction to rule on the motion for reconsideration, and it was thus not properly before the court, we need not consider Abel's other argument that the Watchtower defendants impermissibly "supplied" arguments for Roberto and Nina in opposition to Abel's postjudgment motions.

## III. Meet and Confer

Abel argues the trial court should have overruled Roberto and Nina's demurrer because they did not meet and confer. (See § 430.41.) We disagree.

A trial court *cannot* overrule or sustain a demurrer because the meet and confer process was "insufficient." (§ 430.41, subd. (a)(4); *Dumas v. Los Angeles County Bd. of Supervisors* (2020) 45 Cal.App.5th 348, 355.) Abel argues "insufficient" excludes "nonexistent," i.e., his parents' failure to meet and confer *at all* means the court should have overruled the demurrer.

Conceding for argument's sake Abel's interpretation of section 430.41, Abel provides no legal authority or argument about *why* the trial court either should have exercised its discretion or was required to overrule the demurrer because his parents made no effort to meet and confer, forfeiting his objection. (*Oak Valley Hospital Dist. v. State Dept. of Health Care Services*, *supra*, 53 Cal.App.5th at p. 228 [undeveloped arguments are forfeited on appeal]; *Ewald v. Nationstar Mortgage, LLC*, *supra*, 13 Cal.App.5th at p. 948 [absence of legal authorities forfeits an argument on appeal].) Nothing in section 430.41 either requires, or informs the court's discretion to, overrule a demurrer for failure to make any effort to meet and confer. Rather, section 430.41 only comments upon what the court *cannot* do, not what it must. This invokes the statutory principle that "the expression of one thing in a statute ordinarily implies the exclusion of other things." (*In re J.W.* (2002) 29 Cal.4th 200, 209.) Because the Legislature expressed what the court *cannot* do in section 430.41, it did not specify what the court must or should do.

Abel's objection also lacks merit. Per section 430.41's plain language, the trial court does not lose jurisdiction over the pleadings if the defendant does not comply with the meet-and-confer requirements. (*Olson v. Hornbrook Community Services Dist.* (2019) 33 Cal.App.5th 502, 515; see *Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792,

804 [the plain, unambiguous meaning of a statute's language controls].) The statute does not distinguish between an attempt and no attempt. It imposes no penalty for failing to meet and confer properly, even if no meet and confer occurred at all. Its clear policy is to encourage parties to resolve obviously meritorious demurrers on their own to prevent overburdening trial courts. (See Sen. Com. on Judiciary, Rep. on Sen. Bill No. 383 (2015–2016 Reg. Sess.) May 11, 2015, pp. 3–6 [discussing need for meet-and-confer requirement preceding demurrers].) But, per section 430.41's explicit language, its policy is *not* to prohibit meritorious demurrers where a party fails to meet and confer, as was the case here.

Here, the trial court's ruling conformed to section 430.41. It did not overrule the demurrer for failure to meet and confer. (§ 430.41, subd. (a)(4).) The court properly sustained the demurrer, as discussed, even if the court should have granted Abel leave to amend.

## IV. Proposed Judgment

Abel next argues that Roberto and Nina's failure to notify him of and serve him with the proposed judgment filed with the trial court, contrary to the California Rules of Court, violated due process and constituted an *ex parte* communication. We disagree.

Neither a mere violation of the Rules of Court nor an *ex parte* communication requires reversal without a showing of prejudice. (*Mathew Zaheri Corp. v. New Motor Vehicle Bd*. (1997) 55 Cal.App.4th 1305, 1315 ["to warrant reversal [for an *ex parte* communication] such misconduct must be shown to be prejudicial as a miscarriage of justice or as intentional and sufficiently heinous to warrant reversal as a punishment"]; *Estate of Cooper* (1970) 11 Cal.App.3d 1114, 1121 [a mandatory Rule of Court "is seldom jurisdictional and ordinarily departure from it is not reversible error unless prejudice is shown"].)

14.

Abel does not argue that either purported violation prejudiced him, forfeiting his objection. (*Oak Valley Hospital Dist. v. State Dept. of Health Care Services*, *supra*, 53 Cal.App.5th at p. 228 [undeveloped arguments are forfeited on appeal]; *Robert v. Stanford University* (2014) 224 Cal.App.4th 67, 72 [appellants must demonstrate both the presence of error and the prejudicial effect of that error].)

Even considering the merits, we find no prejudice. The submission of the proposed judgment was procedural in nature. It confirmed the already-established result of the court's ruling on the demurrer. Abel had notice of and an opportunity to argue the demurrer. He should not be surprised that the court entered judgment after sustaining the demurrer to all of his causes of action without leave to amend. He does not argue that he would have objected to the proposed judgment, nor can we identify any error in the judgment's form or content. So, even assuming the impropriety of Roberto and Nina's conduct, we find no prejudice.

## DISPOSITION

The judgment is reversed. On remand, the trial court shall permit Abel to amend his pleadings consistent with this opinion. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

DE SANTOS, J.

WE CONCUR:

FRANSON, Acting P. J.

PEÑA, J.

15.