[Civ. No. 33782.   Second Dist., Div. Two.   Aug. 26, 1969.]

MAXWELL L. RUBIN, Plaintiff, v. BUDDY R. BARASCH, Defendant and Appellant; SHIRLEY LEE BARASCH, Third Party Claimant and Respondent.

Haskell H. Grodberg for Defendant and Appellant.

Ryan & Traxler and Sidney Traxler for Third Party Claimant and Respondent.

ROTH, P. J.—In July 1967, Maxwell L. Rubin (Rubin) sued Buddy R. Barasch (Buddy) in one cause of action for $50,000, plus attorney's fees and interest on Buddy's promis-

sory note and in a second cause of action, Shirley Lee Barasch (Shirley) and other defendants. Shirley and the defendants other than Buddy were joined on the theory of conspiracy to conceal Buddy's assets. Rubin levied a writ of attachment on five bank accounts aggregating $33,694.33, in the names of Buddy and Shirley. Rubin dismissed against Shirley and all defendants other than Buddy and moved for summary judgment against Buddy. The motion was granted. Judgment was entered against Buddy for $56,702.54 and costs.

One month prior to the Rubin action, in June 1967, Buddy instituted an action for divorce against Shirley in which she cross-complained for divorce.

Shirley had, prior to the entry of the summary judgment in the Rubin action, filed a third party claim in the Rubin action to one half of the funds in the five attached accounts. Service of the third party claim was made on the levying officer and upon Rubin's attorney. Respective counsel for Shirley and Rubin stipulated that her claim could be "granted as prayed." The court then in the Rubin action entered a "Judgment Determining Title To Personal Property Subject To Third Party Claim" which, among other things, declared that one half of the attached funds was Shirley's separate property "free and clear of any claims of Plaintiff, Maxwell L. Rubin and defendant Buddy R. Barasch, or either of them . . ." The third party judgment directed distribution of one half of the attached funds to Shirley and declared that Rubin's attachment or any writ of execution thereafter obtained by him would be valid only as to the remaining one half.

Buddy received no formal written notice of his wife's third party claim or of the hearing thereon and did not appear in the proceeding under Code of Civil Procedure section 689. After the entry of judgment in the 689 proceeding, Buddy moved for a new trial on his wife's claim or for reconsideration or modification of the third party judgment on the ground of lack of notice and on the further ground that the attached funds were community property and, as such, had been placed in issue in the divorce action. Buddy's motion was denied. This appeal is from the third party judgment and from the minute order denying Buddy's motion for a new trial. Shirley alone opposes the appeal.

The purpose of section 689, Code of Civil Procedure, is to give a quick and effectual remedy to third parties whose property has been levied on by mistake and to protect the

officer who makes such levy. (*Constructora S.A.* v. *Shepherd*, 112 F.Supp. 935, reversed on other grounds 220 F.2d 1). Section 689 requires the third party claimant to deliver a written claim only to the levying officer and the party in whose favor the writ of attachment runs is entitled to a determination of title to the attached funds. Under section 689, the third party claim "shall constitute the pleading of such third party claimant . . . and it shall be deemed controverted by the plaintiff or other person in whose favor the writ runs." After a hearing on a third party claim, "the court shall give judgment determining the title to the property in question, which shall be conclusive as to the right of the plaintiff, or other person in whose favor the writ runs, to have said property levied upon, taken, or held, by the officer and to subject said property to payment or other satisfaction of his judgment." Section 689 further provides that "In such judgment the court may make all proper orders for the disposition of such property or the proceeds thereof."

Apparently the only parties required to the proceeding under section 689 are the third party claimant and the attaching or judgment creditor. (See *American Fruit Growers, Inc.* v. *Jackson*, 203 Cal. 748 [265 P. 926]; *Watwood* v. *Steur*, 89 Cal.App.2d 620, 631 [201 P.2d 460].) Nothing in that section required that notice be given to Buddy, the judgment debtor. However, if notice is required, under *Schroeder* v. *City of New York*, 371 U.S. 208 [9 L.Ed.2d 255, 83 S.Ct. 279, 89 A.L.R.2d 1398], and if the property is attached and executed upon was actually Buddy's and Rubin, by stipulated judgment or otherwise, released one half to Shirley as her separate property, Buddy had nothing to lose and much to gain. Buddy was not a party to the proceedings on the third party claim nor to the stipulated judgment, and consequently, the judgment does not bind him. In a subsequent proceeding between him and Rubin, Buddy may successfully prove that Rubin wrongfully gave away property belonging to Buddy that could have been applied to the Rubin debt.

Rubin stipulated to a judgment in the third party proceedings at his peril. There is nothing before us to indicate that Rubin has credited the judgment against Buddy for less than the full amount of the five bank accounts. Nor is the fact that the third party judgment awarded one half of the bank accounts to the wife as her separate property conclusive against Buddy in the divorce action between himself and his wife. In other words, the third party judgment is not res

838

judicata as between Buddy and his judgment creditor or as between Buddy and his wife.[1]

■ However, even though section 689, Code of Civil Procedure, does not require notice of proceedings to Buddy, and a judgment flowing from proceedings for which he receives no notice and in which he does not participate cannot bind Buddy, it seems to us that he had a right to intervene in those proceedings especially when the intervention is in an action in which he is the defendant for the purpose of vacating that portion of the judgment which purported to run against him. (*Estate of Baker,* 170 Cal. 578, 584 [150 P. 989]; *Elliott* v. *Superior Court,* 144 Cal. 501, 509 [77 P. 1109, 103 Am.St.Rep. 102]; Cal. Civil Appellate Practice, § 6.6, p. 210.) Buddy did intervene. He moved for a new trial on the third party claim and a reconsideration and modification of the judgment which ran against him. The motion was denied by minute order of the court. In our opinion, the motion should have been granted and the judgment modified insofar as it affected Buddy.

The minute order denying Buddy's motion for modification of the judgment on the third party claim is reversed.

The trial court is directed to eliminate from the judgment any reference to the adjudication of claims between Shirley and Buddy and to affirm as part of the judgment Shirley's third party claim, free and clear of the claims of Maxwell Rubin. As so modified, the judgment on the third party claim against Maxwell Rubin is affirmed.

Fleming, J., and Wright, J., concurred.

---

[1] From the brief filed on behalf of the wife, it appears that during the pendency of this appeal, an interlocutory decree of divorce was entered in the wife's favor and that all funds in her possession, including whatever money she retained from the third party judgment, were awarded to her. It further appears that the husband has appealed from the interlocutory decree of divorce. Thus, it appears that the issue of whether the judgment herein appealed from is effective as against Buddy, was actually raised by Buddy in the divorce action.