Filed 4/7/25 Ross v. Trustees of California State University CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CRAIG ROSS et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> TRUSTEES OF CALIFORNIA STATE UNIVERSITY, <br><br> Defendant and Respondent. | B318731 <br><br> (Los Angeles County Super. Ct. No. SC125558) |

APPEAL from an order of the Superior Court of Los Angeles County, James A. Kaddo, Judge. Reversed and remanded with instructions.

Craig Ross and Natalie Operstein, in pro. per., for Plaintiffs and Appellants.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, Gary S. Balekjian and Lorinda D. Franco, Deputy Attorneys General, for Defendant and Respondent.

_____

Plaintiffs appeal the trial court's order directing them to pay costs to defendant following judgment in defendant's favor on all of plaintiffs' causes of action. Though we do not agree with plaintiffs that the trial court erred in all of the ways they claim, we do agree that the trial court erred in some respects. As one of these errors entailed a failure to exercise discretion implicating each amount awarded, we remand to the trial court to vacate its award and reconsider plaintiffs' motion to strike and tax costs in view of this opinion.

## BACKGROUND

Plaintiff Operstein was employed as a professor of linguistics at California State University, Fullerton (CSUF). CSUF is part of the California State University (CSU) system. Defendant Trustees of California State University controls CSU. Plaintiff Ross is Operstein's husband.

Operstein was hired on a probationary basis in 2011 for academic years 2011-2012 and 2012-2013. She hoped to be awarded tenure but was not. Though she received probationary reappointments in 2013 and 2014, CSUF offered her a "terminal year" appointment for the 2015-2016 academic year, meaning she would not thereafter be reappointed.

Plaintiffs sued defendant in 2016. Throughout the trial proceedings, as they do here on appeal, plaintiffs acted in propria persona.

The gravamen of their initial complaint was that Operstein was wrongfully denied tenure. It sought recovery under a variety of theories but not under the Fair Employment and Housing Act (FEHA; Gov. Code, § 12940 et seq.). In 2019, they amended their complaint to assert causes of action under FEHA.

Pretrial litigation was extensive. Defendant filed various demurrers and motions to strike. Plaintiffs filed three amended

complaints. They served discovery prompting production of 44,000 pages of documents by defendant. As trial approached, plaintiffs submitted a witness list with 77 witnesses. They only ended up calling two—themselves—but their inclusion of CSU's general counsel and vice chancellor caused the recusal of their assigned trial judge. After Judge James Kaddo was assigned as the new trial judge, plaintiffs repeatedly sought his removal as well, but without success.

By the time trial began, plaintiffs proceeded on just eight causes of action—by Operstein, for defamation, negligent infliction of emotional distress, negligence, negligent hiring, violation of Labor Code section 970, invasion of privacy, and violations of FEHA; and by Ross, for loss of consortium. Operstein's FEHA cause of action was predicated on a variety of theories: defendant discriminated against or harassed her on the basis of her gender, her foreign national origin, or Caucasian ethnicity; it retaliated against her for complaining about discrimination; and it failed to prevent the harassment she alleged.

At trial, Operstein testified for approximately five days. She also called Ross to the stand. The bulk of her presentation was on her academic achievements, offered to substantiate her subjective belief that she was entitled to tenure. She also testified at length about perceived mistreatment by certain colleagues at CSUF, purportedly connected to her membership in FEHA-protected classes.

The trial court granted defendant's motion for nonsuit on each of plaintiffs' causes of action on various grounds. It entered a judgment stating its reasons on October 12, 2021. In addressing the FEHA causes of action, it found Operstein did not present any evidence that discriminatory intent was a factor in her alleged mistreatment. It further found she had "voluntarily misconstrued

3

and used the issue of discrimination based on age, sex and national origin to justify her litigation, and there was nothing in the evidence produced at trial that indicated there was any such discrimination, or that there was a motive for discrimination." The court concluded that defendant was entitled to "recover costs of litigation as permissible according to law, and subject to the filing of a memorandum of costs." Plaintiffs appealed the judgment.

We affirm the trial court's judgment in an opinion issued contemporaneously with this one (case No. B317031). As to the FEHA causes of action, we found no substantial evidence to support a causal nexus between discriminatory intent and any claimed unlawful employment practices, nor any substantial evidence that Operstein's purported opposition to unlawful employment practices had any reasonable basis.

As contemplated by the judgment, defendant filed a memorandum of costs in October 2021. Plaintiffs moved to strike and tax these costs. The court held a hearing on the matter in December 2021, which was not reported. In January 2022, the trial court entered an order awarding defendant $67,464.91—the full amount requested—on a form of order defendant prepared. Plaintiffs appeal from this order.

However, some additional background about events around and after entry of this order is necessary. In January 2022, plaintiffs filed a proposed settled statement relating to unreported pretrial hearings between November 2017 and August 2021. They further amended that proposed statement in April 2022. Also in March 2022, they filed a proposed settled statement of the December 2021 hearing on their motion to strike and tax costs.

In April 2022, Judge Kaddo entered a form order directing preparation of a reporter's transcript of the pretrial proceedings addressed in plaintiffs' proposed settled statements. However, no

4

court reporter had recorded any of the subject proceedings. Plaintiffs filed a writ addressing Judge Kaddo's error on May 16, 2022. At the time, Judge Kaddo had taken no action with respect to plaintiffs' proposed settled statement for the costs proceedings.

On May 23, 2022, plaintiffs filed in the trial court and served on the clerk for Judge Kaddo's department a disqualification statement pursuant to Code of Civil Procedure section 170.3, subdivision (c)(1). In this latest statement, plaintiffs reiterated their prior grounds for disqualification and claimed that Judge Kaddo's error in directing transcription of the unreported proceedings was further evidence of his mental impairment or bias.

This court issued an alternative writ on June 9, 2022, directing Judge Kaddo to either vacate the order for transcription of the pretrial proceedings and "proceed pursuant to [California Rules of Court,] rule 8.137(f)(3) and (g) in the appeals in case Numbers B317031 and B318731" or show cause why a writ of mandate should not enter. At a hearing on June 24, 2022, Judge Kaddo elected the former, vacated the April 2022 order regarding the pretrial hearings, and adopted defendant's proposed order regarding the pretrial settled statements pursuant to rule 8.137(d)(1).

At the same June 24, 2022 hearing, Judge Kaddo for the first time addressed plaintiffs' May 23, 2022 disqualification statement by striking it. Plaintiffs filed a petition for writ of mandate prohibiting Judge Kaddo from further presiding over the matter on the grounds that he was deemed disqualified as a matter of law under Code of Civil Procedure section 170.3, subdivision (c)(4) because he did not timely respond to the disqualification statement. We denied plaintiffs' petition in July 2022, and our Supreme Court denied plaintiffs' petition for further review in September 2022.

In May 2023, Judge Kaddo entered an order regarding a settled statement for the December 2021 hearing on the costs award

which is the subject of this appeal.  That order did not adopt plaintiffs' March 2022 proposed settled statement.  Instead, Judge Kaddo ordered that the January 12, 2022 costs order contained all findings relevant to the issues now on appeal, and attached that order as the settled statement.  Plaintiffs do not separately appeal that order, nor did they seek writ review.

## DISCUSSION

1. **Settled Statements and Purported Disqualification of Judge Kaddo**

Before addressing the substance of the appeal, we address the collateral issues plaintiffs attempt to raise.

Plaintiffs seek reversal and vacatur of Judge Kaddo's orders regarding their various proposed settled statements.  Plaintiffs' notice of appeal identifies only the costs order and not any other orders.  Plaintiffs do not attempt, in their statement of appealability, to explain how our jurisdiction extends to the trial court's orders on the settled statements.  We lack jurisdiction to consider plaintiffs' challenges to the settled statements.  (See *Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436 ["Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from."].)

Even if it were embraced by their notice of appeal, plaintiffs' attack on the settled statements would fail for another reason.  Plaintiffs' central argument is that Judge Kaddo was disqualified by operation of Code of Civil Procedure section 170.3, subdivision (c)(4) when the orders were entered on plaintiffs' proposed settled statements because he failed to timely respond to plaintiffs' statement of disqualification.  However, the question of Judge Kaddo's authority to act was resolved through writ review in 2022.  It is not reviewable again on appeal.  (§ 170.3, subd. (d); *Dumas v. Los Angeles County Bd. of Supervisors* (2020)

6

45 Cal.App.5th 348, 354 ["The determination of the question of disqualification, including the striking of the objecting party's statement under section 170.4, subdivision (b), is not an appealable order."].)

Finally, even if the settled statement order were subject to our review on this appeal, plaintiffs fail to show prejudice in Judge Kaddo's election to use the January 2022 order as the settled statement in lieu of the one plaintiffs proposed. In their opening brief, plaintiffs devote more than 60 pages (not counting those incorporated by reference) to arguing error in the January 2022 order, before arguing Judge Kaddo wrongfully rejected their settled statement. They do not contend they were limited in their argument by such rejection, and there is no indication that they were. Indeed, comparing the January 2022 order to the settled statement Judge Kaddo rejected, material differences are not apparent to us. In fact, much of the operative text is identical.

## 2.    Evidentiary Objections

Defendant's opposition to plaintiffs' motion to strike and tax costs was supported by the declaration of Deputy Attorney General Lorinda Franco. Ms. Franco worked together with Elisabeth Frater, from the Burke, Williams, Sorensen, LLP law firm to defend this action. The trial court overruled plaintiffs' objections to Ms. Franco's declaration.

Plaintiffs argue more than 20 statements within Ms. Franco's declaration are inadmissible for a variety of reasons. We decline to consider plaintiffs' challenge to the trial court's evidentiary rulings for two reasons. First, they assert, without citation to authority, that we must review these rulings de novo because of Judge Kaddo's "mental impairment, bias, prejudice, and ex-parte communication with defendant, who drafted the order he rubberstamped." Without any reasoned basis for this assertion, we

disregard it.  (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 163, fn. 6 (*Malibu Hillbillies*).)  In claiming the benefit of an inapplicable standard of review, plaintiffs ignore the correct one: abuse of discretion.  (*Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 803.)  " ' "Arguments should be tailored according to the applicable standard of appellate review." [Citation.]  Failure to acknowledge the proper scope of review is a concession of lack of merit.' " (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948.)

Second, plaintiffs fail to claim prejudice resulting from any of the purportedly erroneous evidentiary rulings.  Erroneous evidentiary rulings warrant reversal only where prejudice is affirmatively shown.  (Cal. Const., art. VI, § 13 [no reversal of judgment for erroneous admission of evidence without a showing of a miscarriage of justice]; see also Evid. Code, § 353, subd. (b) [same]; *Winfred D. v. Michelin North America, Inc.* (2008) 165 Cal.App.4th 1011, 1038 [burden of showing prejudice is on the appellant challenging an evidentiary ruling].)  We will not infer prejudice where plaintiffs have failed to assert it.

3.    **Costs Award**

Turning to the costs award itself, plaintiffs do identify certain errors that warrant reversal and remand.

a.    **Law and standard of review**

In most civil litigation, the prevailing party is entitled to recover those costs described in Code of Civil Procedure section 1033.5, subdivision (a), excluding those costs described in subdivision (b), and subject to the limitations of subdivision (c). (§§ 1032, 1033.5.)  A court may also award, in its discretion, costs not expressly permitted by section 1033.5, subdivision (a), so long as not prohibited by subdivision (b), and so long as they satisfy the limitations of subdivision (c).  (§ 1033.5, subd. (c)(4); see also

8

*Rozanova v. Uribe* (2021) 68 Cal.App.5th 392, 399.)

A prevailing party establishes a preliminary right to costs claimed by filing a verified memorandum of costs. As to those costs "the necessity of which appears doubtful, or which do[] not appear to be proper on [their] face," a mere objection by the opposing party shifts the burden to the requesting party to show their necessity or propriety. (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131.) However, as to those costs that " 'appear to be proper charges,' " the verified memorandum is " 'prima facie evidence that the costs, expenses and services therein listed were necessarily incurred by the defendant [citations], and the burden of showing an item is not properly chargeable or is unreasonable is upon the [objecting party].' " (*Ibid.*) "The court's first determination, therefore, is whether the statute expressly allows the particular item, and whether it appears proper on its face. [Citation.] If so, the burden is on the objecting party to show [the challenged item] to be unnecessary or unreasonable." (*Ibid.*)

A costs award pursuant to sections 1032 and 1033.5 of the Code of Civil Procedure is generally reviewed for abuse of discretion. (*Rozanova v. Uribe, supra*, 68 Cal.App.5th at p. 399.) " 'Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion. [Citation.] However, because the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized.' [Citation.] '[W]hen the issue to be determined is whether the criteria for an award of costs have been satisfied, and that issue requires statutory construction, it presents a question of law requiring de novo review.' " (*Ibid.*)

In FEHA litigation, the right to costs is subject to special limitations. In relevant part, Government Code section 12965,

9

subdivision (c)(6) provides that a court may, in its discretion, award costs to the prevailing defendant only upon a finding "the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so."  (*Ibid.*) Subdivision (c)(6) codifies our Supreme Court's adoption of *Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412 in the FEHA context in *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 115.  (*Neeble-Diamond v. Hotel California by the Sea, LLC* (2024) 99 Cal.App.5th 551, 557.)  The grounds for permitting a cost award in subdivision (c)(6) are disjunctive, meaning that it is sufficient that a court finds only one is satisfied before exercising its discretionary authority to award costs.  (*Saret-Cook v. Gilbert, Kelly, Crowley & Jennett* (1999) 74 Cal.App.4th 1211, 1229.)

We review a cost award under Government Code section 12965 to the prevailing defendant for abuse of discretion. (See *Robert v. Stanford Univ.* (2014) 224 Cal.App.4th 67, 73 (*Robert*).)

b.    **Analysis**

i.    **The trial court had discretion to award costs relating to plaintiffs' FEHA causes of action**

We begin by addressing plaintiffs' contention that no fees were awardable because their non-FEHA causes of action did not increase the costs of litigation and none of the predicates for a discretionary award under Government Code section 12965, subdivision (c)(6) is satisfied.[1] We disagree because the trial court did not abuse its discretion in concluding Operstein's FEHA causes

---

[1]    The parties refer to the criteria for FEHA cost and fee awards under Government Code section 12965, subdivision (b).  Following amendments to section 12965, such criteria are no longer contained in subdivision (b).

10

of action were frivolous.

A FEHA action is not frivolous merely because it was unsuccessful. (*Bond v. Pulsar Video Prods.* (1996) 50 Cal.App.4th 918, 922 (*Bond*).) However, a complete absence of evidence to support one or more elements of a cause of action may render it without merit and subject the plaintiff to liability for costs. (See *id.* at p. 924; see also *Robert, supra*, 224 Cal.App.4th at p. 73.)

Plaintiffs assert their FEHA causes of action were meritorious by incorporating their briefing in their appeal of the judgment in case No. B317031. That judgment was entered after the trial court granted defendant's motion for nonsuit. The court concluded there was no evidence from which a jury could conclude Operstein suffered adverse employment actions or harassment because of her membership in any protected class or that she suffered illegal retaliation. We independently reviewed and affirm that determination in our companion opinion.

In claiming their FEHA causes of action had merit, plaintiffs completely ignore that defendant defeated them by a motion for nonsuit. Plaintiffs cite extensively to *Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro* (2001) 91 Cal.App.4th 859 to argue, by analogy, that the causes of action had at least some minimal merit. But *Rosenman* is not an analogous case. There, the plaintiff sued her former employer for pregnancy discrimination. At trial, she presented sufficient evidence to submit the matter to the jury. (See *id.* at p. 871.) Significant to the appellate court's determination that the case was *not* frivolous was the fact that the plaintiff *successfully defended* the employer's motion for nonsuit. (*Ibid.*) The opposite is true here.

Indeed, the trial court found Operstein "voluntarily misconstrued and used the issue of discrimination based on age, sex and national origin to justify her litigation, and there was nothing

in the evidence produced at trial that indicated there was any such discrimination, or that there was a motive for discrimination." Plaintiffs fail to persuade us this finding was erroneous. Operstein offered nothing but her own subjective beliefs, suspicions, and speculation to support the notion that defendant took actions against her based on some protected status. Similar evidentiary shortcomings have sufficed to affirm awards to successful FEHA defendants under Government Code section 12965. (See, e.g., *Robert*, *supra*, 224 Cal.App.4th at p. 73 [upholding award where the plaintiff "never had or even claimed to have any evidence that race discrimination played a role in his termination other than his own opinion"]; *Bond, supra*, 50 Cal.App.4th at p. 924 [upholding award based on trial court's findings after a jury trial that " 'there was no evidence at all even that [the plaintiff] should have believed he was being discriminated against' "].)

Because plaintiffs fail to show the trial court abused its discretion in determining Operstein's FEHA causes of action were frivolous, we need not consider whether the award was permissible on any other ground. (See *Saret-Cook*, *supra*, 74 Cal.App.4th at p. 1229 [predicates for discretionary award under Gov. Code, § 12965, subd. (c)(6) are disjunctive].)

Having determined the trial court had authority to award defendant the costs defending plaintiffs' FEHA and non-FEHA causes of action, we turn next to the specific cost awards. In doing so, we need not revisit plaintiffs' arguments about apportionment between FEHA and non-FEHA causes of action.

  **ii.**  **The trial court erred in awarding some of defendant's claimed costs.**

As we will explain below, the trial court abused its discretion in awarding defendant the full cost of a private pro tempore court reporter under the particular circumstances of the case; for costs of

12

a court reporter at trial after the trial had concluded; for costs to expedite production of a transcript of a deposition taken during the pleading stage of the litigation; for $220 in photocopying costs not associated with a permissible cost category; and for facially prohibited and otherwise unsubstantiated delivery costs. Plaintiffs fail to show the trial court abused its Code of Civil Procedure section 1033.5 discretion or committed legal errors in allowing amounts in other categories.

### 1. $21,600 in court reporter fees must be reduced on remand

Plaintiffs challenge the $21,600 awarded for court reporter fees. Defendant explains that these fees were "the total amount [defendant] paid to [private pro tempore reporters] to transcribe the court hearings, proceedings and jury trial that occurred from September 7 through September 27, 2021." For this proposition it cites a declaration, which, in turn, references an exhibit comprised of court reporter invoices. The invoices are for trial reporting services totaling about $35,000, not $21,600. Also included is an invoice for services rendered September 28, 2021, the day after the trial court granted defendant's motion for nonsuit and dismissed the jury. A review of these invoices compels the conclusion that the $21,600 reflects 13 days of "FULL DAY COURT PER DIEM" at a rate of $1,600 per day and one "1/2 DAY COURT PER DIEM" on September 28, 2021, when no proceedings were held, for $800.

A prevailing party is entitled to recover its costs incurred for court reporter attendance fees. (Code Civ. Proc., § 1033.5, subd. (a)(11).) However, plaintiffs identify circumstances that render their necessity doubtful, and the record does not show defendant established their necessity under the circumstances.

First, defendant simply ignores that the trial court awarded it $800 in reporter fees for a day when no trial proceedings occurred,

stating, notwithstanding the evidence to the contrary, that the charges were only through September 27, 2021. The fees for the reporter to attend trial on September 28, when no trial proceedings occurred, were clearly unnecessary, and the trial court erred in failing to strike and tax them.[2]

Second, plaintiffs received fee waivers that covered attendance fees for an official reporter; timely requested attendance of an official reporter, who appeared at the trial readiness conference as mandated by California Rules of Court, rule 2.956(c)(2); and the trial court dismissed the official reporter in favor of defendant's private pro tempore reporter without plaintiffs' stipulation required by Government Code section 70044. In fact, the "stipulation" by which the trial court appointed defendant's private pro tempore reporter contains the signature of *defense* counsel Elisabeth Frater on the line for plaintiffs' counsel and no signature of either plaintiff.[3] We have no basis in the record on

---

[2]     At oral argument, counsel for defendant averred this was a typographical error in the invoice and the invoice was actually for services rendered on September 27, 2021. This is not apparent from defendant's briefing. To the extent the record supports defendant's assertion, or to the extent the trial court allows additional evidence on the subject (see *Guardianship of Brown* (1976) 16 Cal.3d 326, 338, fn. 7), this amount would be allowable to the same extent and subject to the same limitations as the other trial reporting services as discussed further herein.

[3]     On appeal, plaintiffs call this a "forgery" warranting disallowance of all costs as a sanction for defendant's "fraud on the court." This was raised only in reply below and is properly deemed waived. (*Regency Outdoor Advertising, Inc. v. Carolina Lanes, Inc.* (1995) 31 Cal.App.4th 1323, 1333 ["To the extent [appellant] raised new arguments either in its reply papers below or in its reply brief on appeal, we do not reach them."].)

14

which to find that, if defendant had not submitted, and the court not accepted, this defective stipulation, an official court reporter was not available to perform the services, for which plaintiffs would have borne no direct costs and defendant would have borne only its ratable share.  (Gov. Code, § 68086, subds. (a)(2) [chargeable to parties pro rata], (b) [reporter fee waived for fee waiver recipients]; *Jameson v. Desta* (2018) 5 Cal.5th 594, 619, fn. 18.)

While plaintiffs are correct the court reporter fees awarded were not all reasonably necessary to the conduct of the litigation (Code Civ. Proc., § 1033.5, subd. (c)(2)), it is not true that their fee waivers exempt them from liability for reasonably necessary court reporter fees incurred by a prevailing party.  (See *Fuller v. State of California* (1969) 1 Cal.App.3d 664, 670 (*Fuller*) [indigent parties not exempt from liability for costs of the opposing party in California].)

On remand, the trial court shall ascertain what the cost to defendant of an official reporter would have been for those days on which trial actually took place and shall not award to defendant an amount in excess of defendant's ratable share.  Amounts not awarded shall be stricken and taxed.  We need not consider plaintiffs' internally inconsistent arguments that the per diem reporter fees were actually for transcripts that the trial court did not order and that the fees exceed the per diem compensation amounts permitted under Government Code section 69995, subdivision (b) (a provision that applies only to Ventura Co. Super. Ct.).

### 2.  $800.64 in expediting fees must be stricken

A prevailing party is entitled to recover its costs incurred in "[t]aking, video recording, and transcribing necessary depositions, including an original and one copy of those taken by the claimant

and one copy of depositions taken by the party against whom costs are allowed" as well as "[t]ravel expenses to attend depositions." (Code Civ. Proc., 1033.5, subd. (a)(3)(A).)  However, costs to expedite the preparation of deposition transcripts are allowable only in the trial court's discretion.  (*Hsu v. Semiconductor Systems, Inc.* (2005) 126 Cal.App.4th 1330, 1342.)  Here, defendant paid, and the trial court allowed as costs, expediting fees totaling at least $4,286.  These include $800.64 for a deposition of Operstein taken October 11, 2018, $891.54 for a deposition of Ross taken May 27, 2021, $643.89 for a deposition of Operstein taken May 7, 2021, and $1,103 (expressed as a 100% surcharge), for a deposition of Dr. José Cruz taken May 1, 2021.  Plaintiffs also assert defendant recovered an expediting fee of $849 for a deposition of Ross taken May 6, 2018, but their record citation is to the invoice for Operstein's 2018 deposition and we are unable to locate one for Ross.

Defendant unhelpfully fails to address the necessity of the expediting costs.  However, we cannot treat defendant's failure as a concession.  Even when the respondent wholly fails to file a brief, the appellant is not automatically entitled to a reversal.  (*Petrosyan v. Prince Corp.* (2013) 223 Cal.App.4th 587, 593, fn. 2 (*Petrosyan*).)  We discern from the record that when defendant took Operstein's deposition in 2018, the case remained in the pleading stages.  By May 2021, trial had been scheduled for June 7, 2021.  On May 21, 2021, the trial was continued to July 26, 2021.  With the 2021 depositions each taken at a time when trial was five to eight weeks away, we cannot say the trial court abused its discretion in denying plaintiffs' motion to strike and tax the costs of expediting preparation of deposition transcripts.  However, we perceive no basis for concluding the documented $800.64 expediting fees incurred in 2018 were reasonably necessary.  The trial court erred in allowing them.

16

### 3. $220 in costs for photocopying EEOC documents must be stricken.

The costs of photocopying documents other than exhibits are generally not allowed unless otherwise expressly authorized by law. (Code Civ. Proc., § 1033.5, subd. (b)(3).)  The trial court awarded defendant $220 in costs for "Photocopy of U.S. EEOC Records." This is facially a prohibited charge so defendant bore the burden to show it was otherwise allowable.  In its respondent's brief, defendant explains it intended to use the documents for impeachment purposes, making the copying costs allowable, but offers us no record citation or legal authority to support this assertion.  We infer there is none and agree with plaintiffs that the trial court abused its discretion in failing to tax and strike this amount.

### 4. $3,368.55 in delivery costs must be reduced

Plaintiffs argue defendant's claimed $3,368.55 in delivery costs is unreasonable because it does not correlate to defendant's evidence offered in support and because some of the amounts are not allowable.  We agree, but remand to the trial court to ascertain the amount awardable.

Some delivery costs are prohibited under Code of Civil Procedure section 1033.5, subdivision (b)(3).  That subdivision expressly excludes "postage," and the court in *Ripley v. Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1627 (*Ripley*) held that "postage" embraces Federal Express courier fees.  However, "messenger fees may be recoverable in the trial court's discretion if 'reasonably necessary to the conduct of the litigation.' " (*Foothill-De Anza Community College Dist. v. Emerich* (2007) 158 Cal.App.4th 11, 30.)

The court awarded defendant $3,368.55 in fees claimed as an

"other" expense—i.e., one not expressly allowed—on its memorandum of costs. The memorandum describes the amount as "[a]ttorney service fee: for delivery of documents, courtesy copy and exhibit binders to court."

In response to plaintiffs' motion to strike and tax costs, a declarant for defendant described these as "messenger fees for court deliveries" and averred that "true and correct copies of invoices for the messenger fees incurred [in defense of the litigation]" were attached to the declaration as exhibit 8.

Plaintiffs observe that the total amount of the invoices in exhibit 8 is far less than the amount awarded. Plaintiffs say $176.25, but apparently only count those which were comprehensively explained in defendant's declaration. We count $344 in total invoices.[4] Also attached to exhibit 8 is a register of costs associated with the litigation that shows two totals: $85,761 in "base amount" and $38,092.44 in "billed amount." Aside from this register not being the invoices promised in the declaration, the listed amounts are not limited to messenger services. A close review of the register reflects that the cost code "ME" corresponds to messenger or delivery services. However, there are two issues that require the trial court to revise its cost award for delivery fees. First, the costs coded as "ME," even if added to the $344 in invoices, do not nearly add up to the amount the court awarded. By our count, the "ME" charges do not exceed $1,000. Second, many of the "ME" charges are for Federal Express courier services, which are not recoverable under *Ripley*, *supra*, 23 Cal.App.4th at page 1627.

On remand, the trial court shall award not more than the cost

---

[4]     At oral argument, defendant's counsel told us the record was out of order such that invoices which were, or were intended to have been, part of exhibit 8 were attached to exhibits 7 and 9. This does not affect our remand instructions.

18

of those messenger services which were actually incurred and reasonably necessary to the conduct of the litigation.  In doing so, it shall exclude amounts for Federal Express and any other prohibited costs.

> ### 5.  Subject to part A.b.iii, *post*, plaintiffs fail to show error in the other amounts awarded

Plaintiffs challenge other individual categories of costs, often without citing legal authority or providing sufficient background information for us to assess the challenges.  When attacking the reasonableness or necessity of certain costs, they do so without acknowledging adverse facts or our abuse of discretion standard of review.  In large part, they merely express disagreement with the reasonableness of the amounts charged, propose ways defendant might have cut costs, and question the necessity of certain services. Plaintiffs' failure to acknowledge and apply the proper standard of review renders their arguments off target and ineffective to show error.  Nonetheless, we address here those few points that appear to raise legal issues.

Filing fees are recoverable under Code of Civil Procedure section 1033.5, subdivision (a)(1), as are fees for court-ordered electronic filing or service of documents through an electronic filing service provider under subdivision (a)(14).  There was no error in awarding defendant such fees, notwithstanding its statutory exemption, because Government Code section 6103.5, subdivisions (a) and (b) provide that exempted amounts are recoverable as part of the judgment and payable to the clerk.  Plaintiffs further fail to establish how their fee waiver exempts them from these costs when assessed as part of the judgment.  (See *Fuller*, *supra*, 1 Cal.App.3d at p. 670.)

Plaintiffs offer no authority for the proposition that a

19

prevailing party cannot recover fees to shorten time when such fees would have been obviated by acting sooner, fees incurred in filing unsuccessful motions, or fees incurred in filing "piecemeal" demurrers.  We may and do disregard these unsupported arguments.  (See *Malibu Hillbillies*, *supra*, 36 Cal.App.5th at p. 153.)  Plaintiffs also challenge fees incurred compelling Operstein's responses to interrogatories.  Though they contend Operstein offered to provide responses voluntarily, we observe that her offer was qualified, and plaintiffs fail to show defendant was obligated to accept her terms.  The trial court did not abuse its discretion in awarding these fees.

Jury fees are recoverable under Code of Civil Procedure section 1033.5, subdivision (a)(1).  Plaintiffs fail to establish how their fee waiver exempts them from this cost when assessed as part of the judgment.  (See *Fuller*, *supra*, 1 Cal.App.3d at p. 670.)

As noted above, the costs of taking, video recording, and transcribing depositions, and certain other related expenses, are recoverable under Code of Civil Procedure section 1033.5, subdivision (a)(3).  Plaintiffs argue defendant's deposition transcription costs are unreasonable on their face because they exceed the statutory amount for transcription services fixed by Government Code section 69950, subdivision (a).  As stated in their own authority, section 69950 governs fees for transcription of *court proceedings*.  (*Burd v. Barkley Court Reporters, Inc.* (2017) 17 Cal.App.5th 1037, 1051.)  It does not apply to depositions.  (*Urban Pacific Equities Corp. v. Superior Court* (1997) 59 Cal.App.4th 688, 691-692.)

The trial court also did not abuse its discretion in awarding the costs of deposition exhibits.  The costs of producing these exhibits were charged to defendant as part of the reporter's service in either taking the deposition or providing copies of the transcript

20

of the deposition.  These are cost categories allowed under Code of Civil Procedure section 1033.5, subdivision (a)(3)(A).  Plaintiffs similarly fail to explain how other deposition costs they challenge are not embraced within section 1033.5, subdivision (a)(3).

Plaintiffs misconstrue the law about limits on recovery for exhibits prepared for, but not used, at trial.  They say "[c]osts for exhibits *not actually* used at trial are not recoverable under [Code of Civil Procedure section] 1033.5(a)(12)" (*sic*).  But this does not preclude the award under section 1033.5, subdivision (c)(4).  Defendant, in turn, incorrectly says there is a "split of authority" on the issue.  That split was resolved in *Segal v. ASICS America Corp.* (2022) 12 Cal.5th 651, 666 (*Segal*).  The trial court had discretion to award defendant costs incurred in preparing copies of the trial exhibits, and we see no basis on which to disturb it.

Plaintiffs assert that costs relating to electronic filings were not allowable because they were not ordered by the trial court.  Under Code of Civil Procedure section 1033.5, subdivision (a)(14), a prevailing party may recover only "fees for the electronic filing or service of documents through an electronic filing service provider *if a court requires or orders electronic filing or service of documents*."  (Italics added.)  Defendant fails to address plaintiffs' assertion, incorrectly stating that plaintiffs "have presented no . . . justification" as to why electronic filing fees were not properly awarded.  We must nonetheless address it.  (See *Petrosyan*, *supra*, 223 Cal.App.4th at p. 593, fn. 2.)  We observe that, since at least January 1, 2020, Los Angeles Superior Court Local Rules, rule 3.4 has provided "represented parties in civil actions must file documents electronically, unless the court exempts parties from doing so.  The electronic filing of documents must be effected using an approved electronic service provider."  (Rule 3.4(a).)  We cannot conclude the court erred in awarding the documented fees and

charges relating to electronic filing and service that were incurred pursuant to this local rule.

Plaintiffs contend that travel expenses—parking and mileage—are permissible only for attendance at depositions. While this is the only category of travel expenses expressly authorized under Code of Civil Procedure section 1033.5 (see subd. (a)(3)(C)), this is not to the exclusion of expenses reasonably necessary to the conduct of the litigation (*id.*, subd. (c)(2), (4)). Some courts have inferred from the specific allowance of deposition-related travel expenses that travel expenses unrelated to depositions are not recoverable. (See, e.g., *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 72 ["By negative implication, this statute does not provide for recovery of local travel expenses by attorneys and other firm employees unrelated to attending depositions . . . ."].) However, this mode of reasoning was rejected by our Supreme Court in *Segal*, which explained that, in section 1033.5 "when the Legislature intended to preclude recovery of costs related to items not described in subdivision (a), it did so explicitly—and not implicitly." (*Segal*, *supra*, 12 Cal.5th at p. 666.) The trial court had discretion to award travel expenses that were reasonable and reasonably necessary to the conduct of the litigation.

Finally, plaintiffs assert "the concurrent appearance of more than one counsel is unnecessary on its face," precluding recovery of costs incurred by additional attorneys. Plaintiffs cite no authority for this proposition, and the authority we found is to the contrary. (See *Segal*, *supra*, 12 Cal.5th at p. 668.)

### iii. The trial court erred in ignoring plaintiffs' financial condition when awarding costs to defendant

The trial court's cost award order states: "Plaintiffs' objection

22

to Defendant's costs based on Plaintiffs' claim they were indigent had nothing to do with the costs owed to Defendant."  As they did below, plaintiffs cite authority that a court must consider the financial condition of a FEHA plaintiff before awarding costs.  Defendant ignores this authority, asserting "[plaintiffs'] financial condition is immaterial as to whether [defendant] is entitled to the costs it claims, because trial courts have no authority to reduce allowable costs on any grounds other than necessity or reasonableness of costs."

The case law is clear:  trial courts in FEHA actions "ha[ve] discretion to deny or reduce a cost award to a prevailing FEHA defendant when a large award would impose undue hardship on the plaintiff—the financial circumstances of the losing plaintiff and the impact of the award on that party are relevant circumstances in determining whether the costs to be awarded are 'reasonable in amount' within the meaning of Government Code section 12965, subdivision (b), and [Code of Civil Procedure] section 1033.5, subdivision (c)(3)."  (*Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1062.)  This is true even in mixed FEHA and non-FEHA actions.  (*Roman,* at p. 1060.)

By failing to exercise discretion vested in it, the trial court is deemed to have abused it.  (See *LAOSD Asbestos Cases* (2018) 25 Cal.App.5th 1116, 1126 ["an appellate court may reverse the denial of statutorily authorized fees where the trial court failed to exercise its discretion to determine whether the requested fees were reasonable"]; *Garcia v. Santana* (2009) 174 Cal.App.4th 464, 477 ["a trial court's failure to exercise discretion is 'itself an abuse of discretion' "].)

On remand, the trial court shall consider plaintiffs' ability to pay an otherwise allowable cost award before making such an award, if any.

## 4.    Due Process Claim

Finally, plaintiffs incorporate by reference their contention in briefing for their companion appeal (case No. B317031) that they were denied due process as a result of Judge Kaddo's purported bias.  We reject that argument in our contemporaneous opinion resolving that appeal.  To the extent plaintiffs offer additional factual grounds in this appeal, we find them inadequate to compel a different result here.

## DISPOSITION

We reverse and remand the matter to the trial court to vacate its order awarding costs to defendant and consider anew plaintiffs' motion to strike and tax costs in conformance with this opinion. Costs on appeal are awarded to plaintiffs.


GRIMES, J.


WE CONCUR:


STRATTON, P. J.


VIRAMONTES, J.


24