Filed 4/17/25  Union Patriot Capital Management II v. Castro CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| UNION PATRIOT CAPITAL MANAGEMENT II, LLC et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> RICHARD RIONDA DEL CASTRO et al., <br><br> Defendants and Appellants. | B329110 <br><br> (Los Angeles County Super. Ct. No. BC687697) |

APPEAL from orders of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed.

Hamrick & Evans, A. Raymond Hamrick, III and Jonathan Dutton for Defendants and Appellants.

Jung & Yuen and Curtis C. Jung for Plaintiffs and Respondents.

# I. INTRODUCTION

Defendants Richard Rionda Del Castro (Richard), as trustee for the RDCR Irrevocable Spendthrift Trust dated January 11, 2018 (RDCR Trust), and Patricia Eberle Rionda Del Castro (Patricia), as trustee for the PETLJ Irrevocable Spendthrift Trust dated May 21, 2021 (PETLJ Trust), appeal from orders denying their third-party claims and authorizing enforcement of a judgment against Richard and Patricia as individuals by garnishing funds from bank accounts that were in the names of trusts that they created.[1]  We affirm.

# II. BACKGROUND

## A. *Underlying Action*

In 2018, plaintiffs Union Patriot Capital Management, LLC and Union Patriot Capital Management II, LLC sued Richard and Patricia for, among other things, fraud, breach of contract, and conversion, under an alter ego theory of liability for the conduct of certain corporate defendants.  On April 13, 2022, plaintiffs obtained a judgment against Richard and Patricia.  On September 1, 2022, the trial court issued an amended judgment

---

[1]     "'Unlike a corporation, a trust is not a legal entity.' [Citation.]  Rather, a trust is "'a fiduciary *relationship* with respect to property."'  [Citations.]  When property is held in trust, "'there is always a divided ownership of property,'" generally with the trustee holding legal title and the beneficiary holding equitable title.  [Citations.]" (*Boshernitsan v. Bach* (2021) 61 Cal.App.5th 883, 891.)  References to the acts of the trusts at issue are shorthand for the trustees of said trusts.

against Richard and Patricia in the amount of $19,807,792.35, plus interest and costs. We affirmed the judgment in a prior appeal. (*Union Patriot Capital Management II, et al. v. Rionda Del Castro, et al.* (Dec. 3, 2024, B322811, B324476) (*Union Patriot I*) [nonpub. opn.].)

B.     *Affidavits of Identity*

In June 2022, plaintiffs filed affidavits of identity pursuant to Code of Civil Procedure[2] section 680.135. Plaintiffs' counsel declared that Richard's additional names included Richard as trustee of the RDCR Trust and the RDCR Trust. Counsel also declared that Patricia's additional names included Patricia as trustee of the PETLJ Trust, the PETLJ Trust, and PETLJ, Inc.[3] On July 1, 2022, the trial court entered an order finding "that the identification of the judgment debtor shall include the name(s) stated . . . above . . . ."

On July 15, 2022, Richard and Patricia moved to vacate the affidavits of identity.

On August 18, 2022, the trial court struck the affidavit of identity "as to Patricia . . . and the [PETLJ Trust]." But the court denied the motion to strike the affidavit as to Richard. In our prior opinion, we affirmed the court's order finding that Richard as trustee of the RDCR Trust and the RDCR Trust are aliases of Richard pursuant to plaintiffs' affidavit of identity. (*Union Patriot I*, *supra*, B322811, B324476.)

---

[2]     Further statutory references are to the Code of Civil Procedure.

[3]     PETLJ, Inc. is not a party to this appeal.

3

C.    *Levies*

On August 24, 2022, plaintiffs filed an application for issuance of a writ of execution, which listed the judgment debtors as Richard and Patricia, and described Richard as trustee of the RDCR Trust and the RDCR Trust as aliases of Richard.

On October 10, 2022, plaintiffs served a "Notice of Levy under Writ of Execution (Money Judgment)" on UBS Financial Services, Inc. (UBS) and City National Bank.  Those notices explained that plaintiffs, the judgment creditors, sought a levy on the property in bank accounts held under the names of Richard, Richard as trustee of the RDCR Trust, the RDCR Trust, and Patricia, and included instructions to the Los Angeles County Sheriff's Department (Sheriff) to levy the described bank accounts.

On October 24, 2022, City National Bank garnished funds in the amount of $663.16 from an account held in the name "RDCR Irrevocable Spendthrift Trust Dated January 11, 2018, Richard Rionda Del Castro, Trustee."  On November 9, 2022, UBS garnished funds in the amount of $155,299.93 from an account held in the name "RDCR Irrevocable Spendthrift Trust Dtd 01/11/2018, TTEE Richard Rionda Del Castro."  The garnished funds were remitted to the Sheriff.

On November 30, 2022, UBS garnished funds in the amount of $196,252.49 from an account held in the name "Patricia Eberle Rionda Del Castro/TTEE of the PETLJ Irrevocable Spendthrift Trust Dtd 05/21/2021."  Those funds were then issued to the Sheriff.

4

D.    *Richard and Patricia File Claims as Purported Third Parties*

1.    RDCR Trust

On November 23, 2022, Richard, as trustee of the RDCR Trust, filed with the Sheriff a third-party claim pursuant to section 720.110,[4] claiming ownership of the UBS and City National Bank accounts.  Richard declared, among other things, that the UBS and the City National Bank accounts were 100 percent held by the RDCR Trust.  The RDCR Trust instrument is not part of the record on appeal, but in the third-party claim, Richard purported to cite various of its provisions.  Richard requested that the levied funds be released and returned to the RDCR Trust.

On December 21, 2022, plaintiffs filed an opposition to the third-party claim filed by Richard, as trustee of the RDCR Trust. Plaintiffs requested a hearing pursuant to section 720.310[5] to

---

[4]    "A third person claiming ownership or the right to possession of property may make a third-party claim under this chapter in any of the following cases if the interest claimed is superior to the creditor's lien on the property:  [¶]  . . .  [¶] (b) Where personal property has been levied upon under a writ of attachment, a writ of execution, a prejudgment or postjudgment writ of possession, or a writ of sale."  (§ 720.110.)

[5]    Section 720.310 provides in pertinent part:  "(a)  Not later than 15 days after the third-party claim is filed with the levying officer . . . , either the creditor or the third person may petition the court for a hearing to determine the validity of the third-party claim and the proper disposition of the property that is the

---

determine the validity of the claims.  Plaintiffs argued that the third-party claim was invalid because the claimant was not a third party, but was instead a judgment debtor, as determined by the trial court's earlier finding that Richard as trustee of the RDCR Trust and the RDCR Trust were additional names for Richard.

On December 23, 2022, plaintiffs filed a section 720.310 petition requesting a hearing to determine the validity of the third-party claim and an order to disburse the funds to them as judgment creditors.

On February 1, 2023, an attorney for the RDCR Trust filed an opposition to plaintiffs' petition.  The trust argued, among other things, that the petition was untimely and the hearing was scheduled for a date beyond section 720.310's time limits.

In reply to the RDCR Trust's opposition, plaintiffs submitted a declaration from their counsel, who declared that plaintiffs did not receive notice of the third-party claim from the levying officer until December 8, 2022.  Plaintiffs' counsel also declared that no earlier date could be obtained from the trial court, and thus there was "good cause" for a continuance of the hearing date.

On February 15, 2023, the trial court conducted a hearing on plaintiffs' petition to determine the validity of the third-party claim, found that the RDCR Trust was not a proper third-party claimant, and denied its purported third-party claim.  The court ordered that the funds that had been garnished from the RDCR Trust accounts be disbursed to plaintiffs.

---

subject of the claim.  [¶]  . . .  [¶]  (c)  The hearing shall be held within 20 days after the filing of the petition unless continued by the court for good cause shown."

6

### 2. PETLJ Trust

On December 1, 2022, Patricia, as trustee of the PETLJ Trust, also filed a third-party claim with the Sheriff. Patricia declared, among other things, that the UBS account from which funds had been levied by the Sheriff was 100 percent owned by Patricia, in her capacity as the trustee of the PETLJ Trust. The PETLJ Trust instrument is not part of the record on appeal but Patricia purported to cite to various of its provisions and requested that the levied funds be returned to the PETLJ Trust.

On December 16, 2022, plaintiffs filed an opposition to the third-party claim by the PETLJ Trust and requested a hearing pursuant to section 720.310 to determine the validity of the claims. Plaintiffs argued that the claimant was not a third party, the garnished funds from the UBS account were from Patricia's own personal accounts, and Patricia was the sole trustee of the PETLJ Trust.

On December 23, 2022, plaintiffs filed a section 720.310 petition requesting a hearing to determine the validity of the PETLJ Trust's third-party claim and to issue an order to disburse the garnished funds to them as judgment creditors. For the PETLJ Trust's claim, plaintiffs noted that Patricia was scheduled to participate in a judgment debtor's examination and, if the court required further information regarding the transfers involved, the court should reserve ruling until after that examination.

On January 18, 2023, the PETLJ Trust filed an opposition to the petition, arguing that plaintiffs' petition was untimely and the requested hearing date was set in violation of section 720.310.

7

On January 19, 2023, plaintiffs submitted a declaration from counsel testifying that plaintiffs did not receive notice of the PETLJ Trust's third-party claim from the Sheriff until December 2, 2022. Plaintiffs argued that their opposition and request for hearing therefore was timely. Plaintiffs also asserted that they obtained the first available hearing date for this matter, January 26, 2023.

On January 26, 2023, the trial court continued the hearing on plaintiffs' petition until after the judgment debtor examination, which was scheduled for February 2, 2023.

On February 14, 2023, plaintiffs submitted a supplemental brief in support of their petition to determine the validity of the PETLJ Trust's third-party claim. Plaintiffs cited Patricia's judgment debtor examination, during which she admitted that the funds used to establish the PETLJ Trust were from Patricia's personal bank account at UBS.[6] Plaintiffs also submitted UBS bank records which listed Patricia as the sole trustee of the

---

[6]     Plaintiffs cited to the following testimony at the judgment debtor examination:

"Q:     So for purposes of the record so we have a clean record, you had personal accounts with UBS before October of 2022—

"A:     Yes.

"Q:     —correct?

"A:     Yeah. Well, at the time, there were—everything had been transferred to the trust. Yeah, all the accounts had been transferred to the trust.

"Q:     Okay. All right. [¶] And what do you mean by that?

"A:     When the trust is created, then the documents were given to the bank, and the bank moved everything from the personal to the trust."

8

PETLJ Trust and confirmed that the assets in the PETLJ Trust account originated from Patricia's personal accounts.

On February 24, 2023, the trial court denied the third-party claim filed by the PETLJ Trust. The court determined that plaintiffs' opposition, filed on December 16, 2022, was a timely request for a hearing. Moreover, the court found good cause to continue the hearing date more than 20 days after the filing of the petition, because the hearing had been set on the court's first available date. The court found that "Patricia, in her individual capacity, is the alter ego of Patricia, in her capacity as Trustee of the PETLJ Trust. Consequently, the assets seized pursuant to [plaintiffs'] Writ of Execution belong to Patricia personally, and so may be disbursed to [plaintiffs] to enforce their judgment against Patricia."

E.    *Second Affidavit of Identity Regarding Patricia*

On April 7, 2023, plaintiffs submitted an affidavit of identity, asserting that additional names for Patricia included Patricia as the trustee of the PETLJ Trust and the PETLJ Trust. Plaintiffs' counsel cited in support Patricia's debtor examination testimony on February 2, 2023, in which she admitted that, from August to October 2021, she transferred her personal funds at UBS to another UBS account under the PETLJ Trust's name. Counsel also cited to the transfer of Patricia's ownership interest in certain real property to the PETLJ Trust. On April 14, 2023, the trial court ordered that the additional names above for Patricia could be added to any writ of execution.

On April 17, 2023, Richard and Patricia appealed from the February 15, 2023, February 24, 2023, and April 14, 2023, orders.

# III. DISCUSSION

## A. *RDCR Trust's Claim and Law of the Case*

Defendants contend the trial court erred by finding that Richard's aliases included Richard as trustee of the RDCR Trust and the RDCR Trust. Defendants also contend the court erred in entering various orders because the RDCR Trust is a valid spendthrift trust. We have already rejected these arguments in our opinion in *Union Patriot I*. (*Union Patriot I, supra*, B322811, B324476.) Thus, defendants' arguments are barred by the law of the case doctrine. (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127.)

## B. *PETLJ Trust's Claim*

Defendants contend the trial court erred by finding that Patricia as trustee of the PETLJ Trust and the PETLJ Trust were aliases for Patricia. According to defendants, the court's April 14, 2023, entry of an affidavit of identity improperly added the PETLJ Trust as a judgment debtor, in violation of section 709.010.

"On appeal, we review the trial court's factual findings for substantial evidence, and we independently review the trial court's determination of questions of law." (*Dickson v. Mann* (2024) 103 Cal.App.5th 935, 946.)

Defendants do not dispute that Patricia is the settlor of the PETLJ Trust, that she created the trust while the litigation was pending, or that she funded the trust solely with her assets. Instead, defendants rely on arguments they made in connection with the RDCR Trust, and which we rejected in *Union Patriot I*.

10

We likewise reject their arguments here. Defendants' assertion that the trial court's entry of an order on the affidavit of identity was in excess of the court's jurisdiction under section 709.010, subdivision (b) is meritless. That section applies when a judgment creditor seeks to enforce a money judgment against a debtor's interest as a *beneficiary* of a trust. Here, the record demonstrates that plaintiffs are not seeking to reach Patricia's interest as a beneficiary of a trust. Indeed, Patricia does not declare that she is a beneficiary of the PETLJ Trust, describing herself only as a "signatory."[7] Accordingly, the trial court did not err by finding that Patricia's other names included the PETLJ Trust and Patricia as trustee of the PETLJ Trust.

---

[7] Defendants also argue that the trial court could not deny their third-party claims because plaintiffs did not file a motion to add a nonparty judgment debtor under a theory of alter ego liability, pursuant to section 187. Defendants' argument is misguided. "The alter ego doctrine is an equitable principle that elevates substance over form in order to prevent an inequitable result arising from unjustifiably observing a corporation's separate existence. [Citation.] The doctrine is applied, and a party other than the corporation is liable for the corporation's acts, when recognition of the corporate structure would 'sanction a fraud or promote injustice.' [Citations.]" (*Atempa v. Pedrazzani* (2018) 27 Cal.App.5th 809, 824–825.) Here, plaintiffs did not seek to add a judgment debtor but instead opposed defendants' contention that they were legitimate third-party claimants.

11

C.     *Timeliness*

Defendants next argue that plaintiffs' petitions to determine the validity of their third-party claims were not timely, the hearing date was set beyond the time period provided in section 720.310, and the trial court therefore lacked jurisdiction to hear the petitions.  In their view, the court's subsequent orders allowing disbursement of the trust assets to satisfy the judgments are therefore void.  We disagree.

"The Enforcement of Judgments Law (§ 680.010 et seq.) includes procedures for determining the claims of third persons, i.e., *those other than the judgment debtor and creditor*.  (§ 720.010 et seq.)  The purpose of third[-]party claims is to give a quick and effectual remedy to third parties whose property has been levied upon by mistake.  [Citation.]"  (*Regency Outdoor Advertising, Inc. v. Carolina Lanes, Inc.* (1995) 31 Cal.App.4th 1323, 1329, italics added; see also § 720.030 ["'Debtor' means the judgment debtor or, in the case of a levy under a writ of attachment or prejudgment writ of possession of personal property, the defendant"].)  Defendants were judgment debtors, not third parties.  Thus, they were not entitled to proceed under the summary procedures set forth at section 720.310.  (See, e.g., *Commercial & Farmers Nat. Bk. v. Hetrick* (1976) 64 Cal.App.3d 158, 165 ["There is no statutory authorization for the use of third[-]party claim procedures by named defendants in an action.  Nor do we perceive any logical reason for the use of such procedures by defendants"].)  Thus, the time limitations that apply to such summary procedures do not apply.

12

## IV. DISPOSITION

The orders denying Richard and Patricia's third-party claims, which they filed as trustees of the RDCR Trust and the PETLJ Trust, and adding additional names for Patricia for writs of execution are affirmed.  Plaintiffs are awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.